MALES ET AL. *v.* W.E. GATES
& ASSOCIATES ET AL.

(No. 85-CV-0031—Decided
June 3, 1985.)

Court of Common Pleas of
Clermont County.

*John Woliver,* for plaintiff.
*David Gebhart,* for defendants.

RINGLAND, J. This matter is before the court on plaintiffs' motion for partial summary judgment, the attorneys' memoranda, accompanying affidavits and exhibits. * * *

3. *Motion of plaintiffs Richard Males, Walter Grayman, and Joel Drucker for judgment on five promissory notes.*

Attached to plaintiffs' complaint are five exhibits, each entitled "Promissory Note," for which plaintiffs seek payment in their second, fifth and twelfth causes of action respectively. Each note is executed by W.E. Gates, president, on behalf of W.E. Gates and Associates, Inc.

Central to the parties' dispute on this matter is whether Ohio's or Virginia's statute of limitations controls the period for commencing suit. Ohio provides for a fifteen-year period (R.C. 2305.06); Virginia for a five-year period (Va. Code Section 8.01-246[2]). Should the Virginia statute control, time has expired for plaintiffs' claims.

Defendants assert that two recent Ohio Supreme Court cases, *Morgan* v. *Biro Mfg. Co.* (1984), 15 Ohio St. 3d 339, and *Gries Sports Enterprises, Inc.* v. *Modell* (1984), 15 Ohio St. 3d 284, require the application of Virginia law to the construction and effect of the notes, including the applicable statute of limitations. Defendants claim artificial distinctions between substantive and procedural characterizations in conflicts of law analysis are no longer valid; such distinctions allow "forum shopping," they claim.

Plaintiffs, on the other hand, point out that under Ohio law statutes of limitations are remedial in nature and are therefore controlled by the law of the forum. *Howard* v. *Allen* (1972), 30 Ohio St. 2d 130, 133 [59 O.O.2d 148], citing *Kerper* v. *Wood* (1891), 48 Ohio St. 613.

While defendants are correct in intimating that *Morgan* and *Gries* reflect the Supreme Court's shift from the older, traditional rules in choice of law situations to a more flexible case-by-case analysis, neither case involved a statute of limitations issue. Each case did rely, however, on the principles of 1 Restatement of the Law 2d, Conflict of Laws (1969), for its determination of the proper approach to the substantive areas involved.

Assuming that the Restatement is the proper vehicle to apply to this issue, the following sections of that treatise are pertinent:

Section 142:

"Statutes of Limitations of Forum

"* * *

"(2) An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state, except as stated in § 143." *Id.* at 396.

Section 143:

"Foreign Statute of Limitations Barring the Right

"An action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy." *Id.* at 400.

Under the first of these Restatement sections, it is obvious that Ohio's position in regard to applying the law of the forum retains its vitality.

In regard to the Restatement's Section 143, comment *c* explains when a foreign statute of limitations bars the right, as follows:

"The almost invariable prerequisite is that the liability sought to be enforced must have been created by statute. Once this requirement has been met, the usual test is whether, in the opinion of the forum, the limitation division was directed to the right "so specifically as to warrant saying that it qualified the right." *Davis* v. *Mills,* 194 U.S. 451, 454 (1904)." *Id.*

In one sense, this action on the promissory notes can be said to have been created by statute since apparently it qualifies as a nonnegotiable note under UCC Section 3-805. Yet realistically speaking, actions on promissory notes are rooted in the common law of contracts. The Uniform Commercial Code represents the fifty states' effort toward achieving uniformity and certainty in commercial transactions. Thus, this action is not a representative of a right created by statute, such as a wrongful death action. Restatement, *supra,* at 401.

But even were the action classified in this manner, it does not meet the test, cited above, which requires Virginia's limitations statute to be so directed to the right that it qualifies it. Virginia's limitations statute embraces personal action on all types of contracts, not just the ones which arise under Article Three of the UCC. See Va. Code Section 8.01-246(2).

Consequently, neither Ohio's present position nor the Restatement justifies the application of the Virginia statute of limitations.

As to the substantive aspects of plaintiffs' motion for summary judgment, defendant Gates' affidavits and exhibits challenge the notes' validity sufficiently to avoid summary judgment at this time. Under the UCC, such notes are subject to all the normal contract defenses, including lack of consideration and illegality, two propositions which defendants raise.

The motion is therefore denied.

*Motion denied.*