BARILE, APPELLANT, *v.* UNIVERSITY OF VIRGINIA, APPELLEE.

(No. 50524—Decided May 9, 1986.)

*Mancino, Mancino & Mancino* and *Paul Mancino, Jr.,* for appellant.

*Frank L. Soldat,* for appellee.

STILLMAN, J. This appeal arises from the trial court's ruling dismissing the plaintiff's complaint pursuant to the defendant's motion. The plaintiff, Carl Barile, filed the complaint on December 18, 1979 alleging that the defendant, University of Virginia, had breached a contract to provide proper medical care if Barile was injured during the course of playing football or engaging in any athletic competition on behalf of the University of Virginia. He alleged that this contract was entered into after he had been recruited by the university's athletic staff and had signed a letter of intent on April 8, 1979.[1] He further alleged that in 1973 while playing for the university he broke his wrist. He contends that the university's medical staff provided no medical treatment but merely taped the wrist up. Thereafter, he continued to play for the university. He was operated on at the university in 1975. He contends the operation was improperly performed by university physicians.

In response to the complaint, the defendant filed a motion to dismiss on the ground that the court had no personal jurisdiction over the defendant because its contacts with the state of Ohio did not meet the minimum contacts requirement under Ohio's long-arm statute. The motion was granted and the plaintiff appealed. This court reversed and remanded finding that the recruitment and signing of the letter of intent provided sufficient basis for personal jurisdiction. *Barile* v. *Univ. of Virginia* (1981), 2 Ohio App. 3d 233, 2 OBR 254, 441 N.E. 2d 608.

Upon remand, the defendant filed its answer, asserting certain affirmative defenses including contributory negligence, assumption of the risk, statute of limitations, and sovereign immunity. The defendant then filed a motion to dismiss the complaint on the ground that the cause was barred by the statute of limitations and, further, that the university was protected by sovereign immunity. The plaintiff responded with a brief in opposition. The court granted the motion without specifying the grounds (see Civ. R. 52) and the plaintiff appeals assigning three errors for our review:

"I. The court committed prejudicial error in granting the motion of the defendant to dismiss for the reason that it was a second motion to dismiss and was not supported by any evidentiary material.

"II. The court committed prejudicial error in granting the motion to

---

[1] This date apparently contains a typographical error. The letter of intent which was not attached to the complaint but to a later pleading is dated May 5, 1971.

dismiss filed by the defendant on the basis that the defendant was entitled to the protection of the doctrine of sovereign immunity.

"III. The court committed prejudicial error in dismissing the complaint based upon the defense of the statute of limitations."

I

In his first assignment, the appellant argues that the Civil Rules prohibit successive motions to dismiss; therefore, the trial court erred in considering the appellee's second motion. In support he cites Civ. R. 12(B). That rule provides in pertinent part:

"(B) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * *"

Under the rule, the appellee properly asserted the defense of lack of personal jurisdiction by pre-answer motion. While Civ. R. 12(G) provides that the failure to assert certain defenses results in waiver, thus prohibiting the further assertion of such defenses, that rule does not apply here. The defenses asserted herein are not those which would be subject to waiver for failure to assert them in a pre-answer motion. They were properly asserted as affirmative defenses in the answer. Since the "motion to dismiss" filed here was filed after the answer, it was more in the nature of a motion for judgment on the pleadings and may therefore be treated as such. Cf. *Lawreszuk* v. *Nationwide Ins. Co.* (1977), 59 Ohio App. 2d 111, 13 O.O. 3d 165, 392 N.E. 2d 1094.

The appellant's second argument is that the motion should have been denied since no supporting evidentiary documents were submitted. The Civil Rules nowhere require such supporting documentation for a motion for judgment on the pleadings or for a motion to dismiss for failure to state a claim upon which relief can be granted. This assignment is overruled.

II

In his second assignment of error, the appellant contends that the trial court erred in granting the motion to dismiss as the appellee is not protected by sovereign immunity. This argument requires two threshold determinations for its resolution. First, we must determine the nature of the action; and second, we must determine which state's law applies, Ohio's or Virginia's.

The appellant contends that his action sounds in contract rather than tort. While the complaint asserts an action for breach of contract, it seeks recovery for bodily injury. The Ohio Supreme Court has determined that no matter what form of action is adopted, the essence of the action is the wrongful injury, and the fact that it arose from the breach of an express or implied contract is immaterial. *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47, at 50-51, 44 O.O. 72, at 74, 97 N.E. 2d 549, at 552. Thus, the appellant in actuality seeks recovery in tort, either for personal injury or malpractice.

We move now to the second determination: Which law applies? The Restatement of the Law 2d, Conflict of Laws (1971), Section 161 provides that in a tort action:

"§ 161. Defenses

"The law selected by application of

the rule of § 145 determines what defenses to the plaintiff's claim may be raised on the merits."

Section 145 of that treatise states:

"§ 145. The General Principle

"(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.[2]

"(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

"(a) the place where the injury occurred,

"(b) the place where the conduct causing the injury occurred,

"(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

"(d) the place where the relationship, if any, between the parties is centered.

"These contacts are to the evaluated according to their relative importance with respect to the particular issue."

The Restatement considerations involving the balancing of each state's interests is the approach taken by Ohio. In a recent case, *Morgan* v. *Biro Mfg. Co.* (1984), 15 Ohio St. 3d 339, 15 OBR 463, 474 N.E. 2d 286, the Ohio Supreme Court stated at 341, 15 OBR at 465, 474 N.E. 2d at 288: "Based on this line of

authority, it is apparent that the traditional rule of *lex loci delicti* [law of the place of the injury] is still viable in Ohio, but is no longer used to automatically determine the prevailing state law. Other interests of the states involved within the controversy must be thoroughly analyzed. * * *" The court then specifically adopted the factors enumerated in the Restatement.

In this case, the injury in both instances occurred in Virginia. The conduct causing the injury occurred in Virginia. Carl Barile is a resident and domiciliary of Ohio. The University of Virginia is a resident and domiciliary of Virginia. Its place of business is Virginia. Finally, while the letter of intent was signed and the plaintiff was recruited in Ohio, the place where the relationship between the parties was centered was Virginia. Given these considerations, Virginia has the most significant relationship to the occurrence and the parties; therefore, the law of Virginia is determinative.

The Virginia Supreme Court has stated: "The University of Virginia is controlled by 'the Rector and Visitors of the University of Virginia,' a public corporation created for that purpose. Code § 23-69. * * * [n]o one questions the fact that this agency of the Commonwealth of Virginia is entitled to the protection of the immunity of the state." *James* v. *Jane* (Va. 1980), 267 S.E. 2d 108, 112. As the University of Virginia, under

---

² The principles of Section 6 of the Restatement ("Choice-of-Law Principles") are as follows:

"(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

"(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

"(a) the needs of the interstate and international systems,

"(b) the relevant policies of the forum,

"(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

"(d) the protection of justified expectations,

"(e) the basic policies underlying the particular field of law,

"(f) certainty, predictability and uniformity of result, and

"(g) ease in the determination and application of the law to be applied."

Virginia law, is cloaked in sovereign immunity, the motion was properly granted on that ground. This assignment is overruled.

### III

In his third assignment, the appellant argues that the trial court erred in dismissing his action as it was not barred by the statute of limitations. The action is governed by the statute of limitations of the forum state, Ohio. *Howard* v. *Allen* (1972), 30 Ohio St. 2d 130, 59 O.O. 2d 148, 283 N.E. 2d 167; *Kerper* v. *Wood* (1891), 48 Ohio St. 613, 29 N.E. 501. The appellant would have us apply the longer statute of limitations applicable to actions on contract. We have previously determined that while the complaint is couched in terms of contract, it actually seeks recovery for bodily injury. The Ohio Supreme Court has stated in discussing which statute of limitations is applicable in such circumstances:

"The rule prevailing in by far the larger number of jurisdictions is that where a statute, specific in terms, limits the time within which an action for 'injuries to the person' or 'bodily injury' may be brought, such statute governs all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, and a general statute, limiting the time for bringing an action growing out of a contractual relationship, is without application. [Citations omitted.]

"* * *

"Surely, the General Assembly did not intend to create different periods of limitation for the recovery of damages growing out of bodily injury, depending on the form of the action brought. No matter what form is adopted, the essence of the action is the wrongful injury, and that it arose from the breach of an express or implied contract is immaterial.

"In other words, the term, 'action,' as used in Section 11224-1, General Code, refers to the nature or subject matter thereof and not to its form as a matter of remedial procedure. Whether the action is strictly in tort or for breach of contract, it is nonetheless an action to recover damages for bodily injury and is governed by the two-year limitation prescribed by Section 11224-1, General Code." *Andrianos* v. *Community Traction Co., supra,* at 50-51, 44 O.O. at 74, 97 N.E. 2d at 552.

While this pronouncement was made in interpreting the predecessor of our present limitations provisions, its sound reasoning should apply equally as well today. The action herein should be governed by the statute of limitations applicable to tort actions.

* * *[3]

The remaining question here becomes whether the statute has been tolled under R.C. 2305.15 where the defendant is a foreign corporation amenable to service under the long-arm statute, R.C. 2307.382. Although there are cases which have reached contradictory results on this issue,[4] we hold that

[3] Reporter's Note: The text of the opinion as it appears herein was abridged by Judge Stillman.

[4] See *Thompson* v. *Horvath* (1967), 10 Ohio St. 2d 247, 39 O.O. 2d 404, 227 N.E. 2d 225; *Title Guaranty & Surety Co.* v. *McAllister* (1936), 130 Ohio St. 537, 5 O.O. 183, 200 N.E. 831; *Partis* v. *Miller Equipment Co.* (C.A. 6, 1971), 439 F. 2d 262, 59 O.O.2d 23. But, see, *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61, 55 O.O. 2d 120, 269 N.E. 2d 121; *Couts* v. *Rose* (1950), 152 Ohio St. 458, 40 O.O. 482, 90 N.E. 2d 139; *Scheer* v. *Air-Shields, Inc.* (1979), 61 Ohio App. 2d 205, 15 O.O. 3d 321, 401 N.E. 2d 478; *Durham* v. *Anka Research Limited* (1978), 60 Ohio App. 2d 239, 14 O.O. 3d 222, 396 N.E. 2d 799; *Ohio Brass Co.* v. *Allied Products Corp.* (N.D. Ohio 1972), 339 F. Supp. 417; *Mead Corp.* v. *Allendale Mut. Ins. Co.* (N.D. Ohio 1979), 465 F. Supp. 355.

under the Ohio Supreme Court's ruling in *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61, 55 O.O. 2d 120, 269 N.E. 2d 121, the statute of limitations was tolled. In *Seeley,* the court stated at 73, 55 O.O. 2d at 127, 269 N.E. 2d at 129:

"In accordance with our holding in *Couts* v. *Rose* (152 Ohio St. 458), we conclude that the provisions of R.C. 2305.15, tolling the running of the Ohio statutes of limitations during the time a defendant is absent from the state of Ohio, are applicable despite the fact that suit could have been brought in Ohio at any time after the automobile accident by virtue of R.C. 2703.20, which permits service of process on a nonresident motorist or owner of a motor vehicle by service on the Ohio Secretary of State, with copy mailed to the defendant's last known address."

While the court was not dealing with a situation involving a long-arm statute, earlier in its opinion, it stated:

"Any rule establishing the inapplicability of the 'savings clause' to situations where a defendant is amenable to process could not logically make any distinction as to the type of process. It logically would have to apply regardless of whether the nonresident was amenable to process under R.C. 2703.20, under the 'long-arm' statutes, R.C. 2307.382 and 2307.383, or by some other method. * * *" (Footnote omitted) *Id.* at 69, 55 O.O. 2d at 125, 269 N.E. 2d at 127.

In *Seeley,* the court determined that the tolling statute did apply even where the defendants were absent from the state but amenable to process under R.C. 2703.20. Given that ruling, the tolling statute should also apply where the defendant is absent from the state but amenable to process under the long-arm statute. This assignment is well-taken. However, since the motion was properly granted on sovereign immunity grounds, the judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON, P.J., and PATTON, J., concur.

STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.