**LAWSON et al., Appellants,**

v.

**VALVE–TROL COMPANY et al., Appellees.**

[Cite as *Lawson v. Valve–Trol Co.* (1991), 81 Ohio App.3d 1.]

Court of Appeals of Ohio,
Summit County.

No. 14746.

Decided Feb. 13, 1991.

*Peter H. Weinberger* and *Kevin T. Roberts,* for appellants.

*Thomas M. Parker* and *Lori L. Von Aschen,* for appellees.

CACIOPPO, Judge.

Craig Lawson, an Indiana resident employed as a press operator for the Western Rubber Company ("Western") at Goshen, Indiana, suffered severe injuries on July 14, 1986, when a heated portion of the press fell and trapped his arms. The press was manufactured by the French Oil Mill Machinery Company ("French Oil"), an Ohio corporation, and delivered to Western in 1974.

Lawson received Indiana workers' compensation benefits for medical expenses and permanent disability. On November 18, 1987, Lawson and his wife filed a products liability action against French Oil and another Ohio corporation, the Valve–Trol Company, ("Valve–Trol"). After considerable discovery, French Oil moved the trial court on December 12, 1989 for summary judgment on its behalf, claiming that it had manufactured only a component, non-operating press which had been augmented, completed and installed by Western. The Lawsons vigorously opposed French Oil's motion through continuing discovery. The trial court, by journal entry dated June 11, 1990, found issues of material fact remaining to be resolved and denied

French Oil's motion. Valve–Trol's motion for summary judgment was similarly denied. The court had by prior order set trial for July 16, 1990.

On June 27, 1990, French Oil sought leave to file, and filed thereafter its second motion for summary judgment and supporting materials. French Oil argued that it had recently discovered a choice-of-law issue that it believed would resolve the case through summary judgment, claiming that Indiana's substantive law applied to absolutely prohibit the Lawsons' claims in products liability. The Lawsons opposed French Oil's leave to file the motion, and opposed the motion itself by memorandum.

The trial court granted leave to French Oil to move for summary judgment, and denied the same to Valve–Trol, finding that the Lawsons had asserted a separate negligence claim against Valve–Trol. On July 25, 1990, the trial court granted summary judgment against the Lawsons on their products liability claim against French Oil, denied summary judgment for Valve–Trol, and found no just cause for delay pursuant to Civ.R. 54(B). The Lawsons appeal, asserting two assignments of error:

"I. The trial court erred in granting summary judgment on the basis of a foreign statute of limitations where defendant-appellee had waived the defense of statute of limitations by failing to plead it, or to give notice of its intention to rely on foreign law.

"II. The trial court's application of IC 33–1–1.5–5 was clearly erroneous because IC 33–1–1.5–5 did not both create and limit plaintiffs-appellants' product liability causes of action."

The Lawsons initially argue that by failing to plead, or to seek leave to plead, a statute of limitations defense, or give notice of its intent to rely upon Indiana law, French Oil waived its right to claim that the Lawsons' suit was barred by Ind.Code 33–1–1.5–5. The Lawsons assert that the trial court erred by even "considering the waived/unnoticed defense of Statute of Limitations[.]" This argument is, however, wide of the mark.

■ The Lawsons characterize Ind.Code 33–1–1.5–5 as a statute of limitations. Indeed, if one were to categorize and apply statutes only through referencing their titles, the Lawsons might have an argument, as Ind.Code 33–1–1.5–5 is in fact titled "Statute of Limitations." The Lawsons cite as authority the decision in *Kovach v. Newbury Indus., Inc.* (Dec. 9, 1983), Geauga App. No. 1105, unreported, 1983 WL 6002, which in fact held that Ind.Code 33–1–1.5–5 "is merely a statute of limitations." Later decisions by Indiana courts, as well as an Ohio federal district court have, however, found otherwise, seriously limiting the applicability and authority of that case to the instant matter.

In choice-of-law situations, the procedural laws of the forum state, including applicable statutes of limitations, are generally applied. See *Barile v. Univ. of Virginia* (1986), 30 Ohio App.3d 190, 194, 30 OBR 333, 336, 507 N.E.2d 448, 451; *Howard v. Allen* (1972), 30 Ohio St.2d 130, 59 O.O.2d 148, 283 N.E.2d 167. An Ohio forum court must, however, give effect to the substantive law of the state with the most significant contacts to the case. In *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St.3d 339, 342, 15 OBR 463, 465–466, 474 N.E.2d 286, 289, the Supreme Court set forth the following:

"When confronted with a choice-of-law issue in a tort action under the Restatement of the Law of Conflicts view, analysis must begin with Section 146. Pursuant to this section, a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145. The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 which the court may deem relevant to the litigation. All of these factors are to be evaluated according to the relative importance to the case." (Footnotes omitted.)

Both parties agree that the plaintiffs are Indiana residents, that Craig Lawson was injured at his workplace in Indiana, that the press causing his injuries was shipped to Western's Goshen, Indiana factory in 1974, and that Craig Lawson received Indiana workers' compensation benefits. The trial court made a factual determination that Indiana substantive law applied because the action and the parties had the most significant relationship to Indiana, pursuant to *Morgan v. Biro, supra.* The Lawsons do not seriously challenge this determination.

Ind.Code 33–1–1.5–5 provides:

"Sec. 5. (a) This section applies to all persons regardless of minority or legal disability. Notwithstanding IC 34–1–2–5, it applies in any product liability action in which the theory of liability is negligence or strict liability in tort.

"(b) Except as provided in section 5.5 of this chapter, a product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after delivery of the product to the initial user or consumer. However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be

commenced at any time within two (2) years after the cause of action accrues."

If the statute applies, it will bar the Lawsons' claims because French Oil delivered the press to Western, Craig Lawson's employer, nearly twelve years prior to his injury. The Lawsons maintain that the statute is procedural, and thus does not apply to their cause.

The Indiana courts have, however, determined that statutes of repose are substantive. *Berns Constr. Co. v. Miller* (Ind.App.1986), 491 N.E.2d 565, 570, affirmed (Ind.1987), 516 N.E.2d 1053; see *Covalt v. Carey Canada, Inc.* (Ind.1989), 543 N.E.2d 382, 385. The Supreme Court of Ohio has reached the same conclusion:

"Unlike a true statute of limitations, which limits the time in which a plaintiff may bring suit *after* the cause of action accrues, a statute of repose * * * potentially bars a plaintiff's suit *before* the cause of action arises." (Emphasis *sic*.) *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 195, 551 N.E.2d 938, 941.

Ind.Code 33–1–1.5–5 does precisely this when applied to the facts of the matter instanter: the Lawsons' products liability claim arose *after* the statute of repose operated to bar *assertion* of the claim, and thus this right was substantively terminated. See *Bills v. Newbury Indus. Corp.* (Aug. 9, 1990), N.D.Ohio No. C88–2015, unreported, 1990 WL 301522.

Having reached this conclusion, we must next consider whether French Oil timely raised the issue of Ind.Code 33–1–1.5–5 as a bar to the plaintiffs' claims. The Lawsons vigorously argue that the trial court erred by permitting French Oil to assert this bar some thirty months into litigation and just three weeks prior to trial. French Oil asserts that raising the issue by summary judgment was in fact proper, and that in any event the trial court could have taken judicial notice of Indiana court decisions concerning Ind.Code 33–1–1.5–5 pursuant to Civ.R. 44.1(A)(3) in order to determine this question of law.

The Lawsons claim that it was incumbent upon French Oil to plead, or seek leave to plead, a statute of limitations defense pursuant to Civ.R. 8 and 15. As we have already determined, however, Ind.Code 33–1–1.5–5 is not a statute of limitations, but rather a statute of repose. Thus, it is not explicitly included in Civ.R. 8(C) as an affirmative defense.

The Supreme Court of Ohio discussed statutes of repose at length in *Sedar v. Knowlton Constr. Co., supra,* at 201–202, 551 N.E.2d at 946, concluding that such a statute "does not take away an existing cause of action[.] '[I]ts effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent

act allegedly responsible for the harm, forms no basis for recovering. The injured party literally has no cause of action. * * * ' (Emphasis *sic.*) *Rosenberg v. North Bergen* (1972), 61 N.J. 190, 199, 293 A.2d 662, 667."

French Oil raised in its answer as its second defense that the Lawsons failed to state a claim upon which relief may be granted. Coupled with our analysis of the Indiana statute in question and the Supreme Court's authority in *Sedar, supra,* we conclude that French Oil timely raised a defense under the Indiana statute in its answer by claiming that the Lawsons did not possess a cause of action against French Oil.

The Lawsons further contend that French Oil waived any right to rely upon Ind.Code Section 33–1–1.5–5 by failing to give timely notice of its specific intent to so do. We disagree.

French Oil filed its motion for leave to file its second motion for summary judgment some three weeks prior to the scheduled trial date. Pursuant to Civ.R. 56(B), a party must first obtain leave of the court to move for summary judgment once a case has been set for trial. Accordingly, a court exercises its discretion when determining whether to grant leave to move for summary judgment in such circumstances. *Indermill v. United Savings* (1982), 5 Ohio App.3d 243, 5 OBR 530, 451 N.E.2d 538. "Abuse of discretion" connotes conduct on the part of the trial court amounting to more than error of law or judgment, but rather an attitude unreasonable, arbitrary or unconscionable. *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 443, 505 N.E.2d 957, 959.

We have reviewed the record and find no such abuse of discretion. We are cognizant of the fact that more than two years passed between the plaintiffs' complaint and French Oil's assertion of the Indiana statute of repose, undoubtedly resulting in substantial litigation expenses to all parties. Nevertheless, the trial court was within its discretion in granting French Oil leave to move for summary judgment based upon the lack of an actionable claim under Indiana substantive laws some three weeks prior to the scheduled trial. Moreover, the Lawsons were able to timely respond to French Oil's motion for summary judgment more than a week prior to the trial date. We discern no abuse of discretion; the Lawsons received timely notice of French Oil's intent to rely on Ind.Code 33–1–1.5–5. See *Kunkler v. Goodyear Tire & Rubber Co.* (Jan. 7, 1987), Summit App. No. 12506, unreported, 1987 WL 5215, affirmed on other grounds (1988), 36 Ohio St.3d 135, 522 N.E.2d 477.

The Lawsons' first and second assignments of error are not well taken.

Based upon the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.