DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant/cross-appellee Michelle Rose ("Rose") appeals the judgment of the Lorain County Court of Common Pleas which awarded judgment to appellee/cross-appellant Nationwide Mutual Fire Insurance Company ("Nationwide"). This Court affirms.
 I. {¶ 2} On October 26, 1995, Rose was involved in an automobile accident on the Ohio Turnpike in Lorain County. Following the accident, Rose filed suit in *Page 2 
federal court against the drivers of the automobiles which injured her and their employers. Rose settled that claim on August 28, 1998 for more than $800,000.
 {¶ 3} In August of 2001, Nationwide filed suit against Rose, alleging that Rose had breached her agreement to reimburse Nationwide for payments it made on her behalf. Specifically, Nationwide asserted that Rose's insurance policy had a reimbursement provision under its no-fault section and that Rose had refused to comply with that provision. In response to Nationwide's complaint, Rose counterclaimed, alleging that Nationwide had acted in bad faith in fulfilling its duties under the policy.
 {¶ 4} The parties filed cross-motions for summary judgment. In her motion, Rose asserted that Nationwide's complaint was barred by the statute of limitations. Specifically, Rose alleged that the parties had chosen to apply Michigan law and that Michigan's statute of limitations had expired. In turn, Nationwide asserted in its motion that it had timely paid Rose's medical bills, thus negating her claim of bad faith. The trial court denied both motions and the matter proceeded to a jury trial.
 {¶ 5} On March 7, 2005, the jury returned a verdict in Nationwide's favor on its claim in the amount of $123,687. The jury also found in Nationwide's favor *Page 3 
on Rose's counterclaim, finding that it had not acted in bad faith.[1]
Nationwide then filed a motion for prejudgment interest and Rose filed a motion for judgment notwithstanding the verdict. Following extensive briefing by the parties, the trial court denied both motions and journalized the jury's verdict. Rose timely appealed the jury's verdict, raising one assignment of error. Nationwide timely cross-appealed the trial court's ruling on prejudgment interest, raising one assignment of error.
 II. ROSE'S ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT TO MICHELLE ROSE ON THE REIMBURSEMENT CLAIM OF NATIONWIDE MUTUAL FIRE INSURANCE COMPANY WHICH WAS BROUGHT OUTSIDE THE ONE-YEAR STATUTE OF LIMITATIONS THAT APPLIED TO THE CLAIM."
 {¶ 6} In her sole assignment of error, Rose has alleged that the trial court erred when it denied her motion for summary judgment. Specifically, Rose has asserted that the trial court erred in its determination that Ohio's statute of limitations should apply to Nationwide's claim. We disagree.
 {¶ 7} This Court reviews a trial court's choice of law determination under a de novo standard. Callis v. Zilba (2000), 136 Ohio App.3d 696,698. "In choice-of-law situations, the procedural laws of the forum state, including *Page 4 
applicable statutes of limitations, are generally applied." Lawson v.Valve-Trol Co. (1991), 81 Ohio App.3d 1, 4, citing Barile v. Univ. ofVirginia (1986), 30 Ohio App.3d 190, 194; Howard v. Allen (1972), 30 Ohio St.2d 130. The result of this rule of law was aptly summarized by the Sixth Circuit as follows:
 "The Ohio Supreme Court has adopted the Restatement (Second) of Conflict of Laws as the governing law for Ohio conflicts issues. Lewis v. Steinreich (1995), 73 Ohio St.3d 299; Morgan v. Biro Mfg Co., Inc. (1984), 15 Ohio St.3d 339. When a conflict arises between two states' statutes of limitations, the Restatement provides: An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state. Restatement (Second) of Conflict of Laws § 142(2). Section 142(2) thus requires Ohio courts to apply Ohio's statute of limitations to breach of contract actions brought in Ohio, even if the action would be time-barred in another state. See Males v. W.E. Gates Associates (1985), 29 Ohio Misc.2d 13 (applying Ohio's fifteen-year statute of limitations to a breach of contract action that would have been barred by Virginia's five-year statute)[.]" (Emphasis sic.) Cole v. Mileti (C.A.6, 1998), 133 F.3d 433, 437.
Accordingly, "[a]bsent an express statement that the parties intended another state's statute of limitations to apply, the procedural law of the forum governs time restrictions on an action for breach[.]" Id.
 {¶ 8} Initially, we note that the instant suit does not involve subrogation.
 "Subrogation * * * is the `principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy.' A subrogated insurer stands in the shoes of the insured-subrogor and has no greater rights than those of its insured-subrogor." (Internal citations omitted.) Nationwide Mut. Ins. Co. v. Zimmerman, 5th Dist. No. 2004CA00007, 2004-Ohio-7115, at ¶ 16. *Page 5 
In the instant matter, Nationwide is not attempting to enforce Rose's rights against a third party. Rather, Nationwide is attempting to enforce its own contractual rights against its insured, Rose. The law governing subrogation and its applicable statute of limitations does not apply to Nationwide's claim.
 {¶ 9} Rose has asserted that the parties' contract expressly incorporated Michigan's statute of limitations for Nationwide's action regarding reimbursement. We disagree.
 {¶ 10} In support of her argument, Rose relies upon the following provisions contained in her Nationwide policy:
 "We agree to pay in accordance with the Code the following benefits[.]
 * * *
 "Also, we may require reimbursement from the insured out of any settlement or judgment that duplicates our payments. These provisions will be applied in accordance with state law."
However, despite Rose's assertions to the contrary, the Nationwide policy never expressly discusses the use of Michigan's statute of limitations. Rather, the above provisions make clear that the parties will utilize Michigan's substantive law. Contrary to Rose's assertions, Michigan's substantive law includes limits on Nationwide's recovery, i.e., the type of damage recoverable. It does not solely contain a statute of limitations provision. In fact, the policy contains no reference to Michigan's procedural law in any manner. *Page 6 
 {¶ 11} Furthermore, this Court is not persuaded by Rose's argument that Michigan's one-year statute of limitations must be applied due to the fact that Nationwide's claim is statutory. The cases relied upon by Rose involve causes of action which did not exist at common law, i.e., actions which were legislatively created. See, e.g., Pittsburg,Cincinnati St. Louis Ry. Co. v. Hine (1874), 25 Ohio St. 629 (finding that a cause of action for wrongful death was statutorily created and as such the time limitation for filing the action was substantive, not procedural); McVeigh v. Fetterman (1917), 95 Ohio St. 292 (finding that the right to contest a will only existed as the result of a statute and therefore the time limitation on filing the action was substantive);Castrovinci v. Castrovinci (1952) 93 Ohio App. 133 (finding that the right to sue for excessive rent under the Fair Housing Act would not have existed but for the Act, and as such its time limitations were substantive).
 {¶ 12} We are not persuaded that Nationwide's breach of contract claim was statutorily created. Furthermore, while not dispositive, Nationwide did not plead its cause of action as statutory. Nationwide's complaint makes no reference to statutory law and relies solely upon the terms of the policy it issued to Rose. It is undisputed that under that policy Nationwide had a contractual right to seek reimbursement. As noted above, the policy expressly provided for such a right. Rose has offered no authority and this Court has found no authority supporting the proposition that Nationwide's right to reimbursement was created by statute. The *Page 7 
mere fact that Michigan has chosen to codify that right and limit recovery under a reimbursement theory does not mean that Michigan's statute created the right. Rose, therefore, has not demonstrated that Nationwide's breach of contract claim was anything more than a common law breach of contract action. Accordingly, this Court is not persuaded to abandon the general rule that the statute of limitations applicable in the forum state is the proper statute of limitations. As it is undisputed that Nationwide's suit was not time-barred under Ohio's applicable statute of limitations, Rose's sole assignment of error is overruled.
 NATIONWIDE'S ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING NATIONWIDE'S MOTION FOR PREJUDGMENT INTEREST PURSUANT TO R.C. § 1343.03(A) BECAUSE THE UNDERLYING JUDGMENT IS BASED ON THE DEFENDANT'S BREACH OF A WRITTEN CONTRACT."
 {¶ 13} In its sole assignment of error, Nationwide has contended that the trial court erred when it failed to award prejudgment interest. Specifically, Nationwide has asserted that R.C. 1343.03(A) mandates an award of prejudgment interest. This Court disagrees.
 {¶ 14} The determination to award prejudgment interest rests within the trial court's sound discretion. Scioto Mem. Hosp. Assn., Inc. v.Price Waterhouse (1996), 74 Ohio St.3d 474, 479. Absent a clear abuse of that discretion, the lower court's decision in the matter should not be reversed. Mobberly v. Hendricks (1994), 98 Ohio App.3d 839, 845. An abuse of discretion is more than an error of *Page 8 
judgment, but instead connotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} R.C. 1343.03(A) provides in pertinent part as follows:
 "* * * when money becomes due and payable upon any * * * instrument of writing * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.437of the Revised Code[.]"
However, whether the prejudgment interest should be calculated from the date coverage was denied, from the date of the accident triggering the claim, or some other time is for the trial court to determine.Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342. WhileLandis was not based upon the facts presented herein, we find its reasoning to be analogous, i.e., the trial court has discretion in determining the date on which a claim became due and payable. Further, a trial court may determine that money does not become due and payable until the date of judgment. Eagle Am. Ins. Co. v. Frencho (1996),111 Ohio App.3d 213, 221.
 {¶ 16} Under the facts presented below, we find no error in the trial court's determination that Nationwide's claim did not become due and payable until the date of judgment. It is undisputed that Nationwide sent numerous demands to Rose for reimbursement. It is further undisputed that Nationwide's initial claims *Page 9 
contained amounts which were not subject to reimbursement. During trial, Nationwide conceded that its initial demands contained amounts which Rose was not obligated to pay. Additionally, Nationwide's exhibits at trial sought damages in the amount of $149,130.07. The jury, however, awarded Nationwide only $123,687.
 {¶ 17} In its motion for prejudgment interest, Nationwide proposed that the date Rose received her settlement was the appropriate date to utilize for calculating interest. However, Nationwide ignores the fact that it sought reimbursement for payments made after Rose reached her settlement. Thus, those payments could not have been "due and payable," as they had not yet been paid by Nationwide. Accordingly, the trial court did not err in refusing to use Rose's settlement date to calculate prejudgment interest.
 {¶ 18} Finally, Nationwide argued below that the trial court should use the dates of its individual payments which occurred after settlement and the date of settlement for every payment made prior to settlement. Nationwide's argument, however, suffers from one significant flaw. As noted above, Nationwide's computation of damages totaled $149,130.01. As evidenced by the jury's verdict, the jury rejected over $25,000 of Nationwide's computation. However, "because no jury interrogatories were propounded it is impossible for this Court to know precisely how the jury arrived at its decision." Grimm v. Summit Cty. Children Servs.Bd, 9th Dist. No. 22702, 2006-Ohio-2411, at ¶ 37. Succinctly stated, from *Page 10 
the jury's general verdict, it is not possible for this Court, nor was it possible for the trial court, to determine which payments the jury found were "due and payable" under Nationwide's policy and which payments the jury rejected. Accordingly, to have awarded prejudgment interest, the trial court would have been obligated to arbitrarily assign an accrual date. As such, we find no abuse of discretion in the trial court's refusal to act arbitrarily and no error in its determination that under the circumstances the date of judgment was appropriate for the calculation of interest. Nationwide's sole cross-assignment of error lacks merit.
 III {¶ 19} Rose's sole assignment of error is overruled. Nationwide's sole cross-assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 11 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed equally to both parties.
SLABY, P. J., MOORE, J. CONCUR
[1] Rose has not pursued her bad faith claim on appeal. *Page 1