Hart, J.
 

 The answer to the question made in this case depends upon the construction and application to be given Sections 11224-1, 11228 and 6308-1
 
 et seq.,
 
 General Code. Specifically, the question is whether a person injured in an automobile collision occurring in this state is obliged to institute an action for his injury against a nonresident defendant and secure service through Section 6308-1
 
 et seq.,
 
 General Code, within the time limitation provided by Section 11224-1, General Code, or may he, under favor of the provisions of Section 11228, General Code, so proceed to institute his
 
 *460
 
 action through Section 6308-1, General Code, at any time before the defendant returns to the state.
 

 Section 11224-1, General Code, effective since August 4, 1927, provides as follows:
 

 “An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.”
 

 Section 11228, General Code, effective since July 1, 1853, provides:
 

 “When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought. ’ ’
 

 Section 6308-1, General Code, effective since June 2, 1933, provides:
 

 “Any nonresident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle, or of having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the Secretary of State of the state of Ohio his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state of Ohio against such operator or owner of such motor vehicle, arising out
 
 *461
 
 of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved. ’ ’
 

 Unquestionably, before Section 6308-1, General Code, was adopted, a person injured in an automobile accident by another person who had thereafter remained out of the state could refrain from bringing his action against such other person without incurring the operation of the bar provided by Section 11224-1, General Code, so long as such other person remained out of the state.
 

 The question then arises did the later adoption of Section 6308-1, General Code, make it necessary to utilize the provisions of that section so as to secure service within the two-year limitation fixed by Section 11224-1, General Code, and thus render inoperative the provisions of Section 11228, General Code, so far as it applies to actions arising out of motor vehicle accidents.
 

 This court in the interpretation of related and coexisting statutes deems it to be its duty to harmonize and to give full application to all such statutes unless they are irreconcilable and in hopeless conflict. Therefore, to hold that a person injured in a motor-vehicle collision in Ohio must within the two-year period after the accident pursue his remedy through Section 6308-1, General Code, or be barred as to a nonresident allegedly responsible for the accident is to hold that such section repeals
 
 pro tanto
 
 Section 11228 by implication. We do not believe the passage of Section 6308-1 had that effect. In the later adoption of that section, the General Assembly failed, by way of amendment, to engraft any exceptions or limitations on the provisions of Section 11228, as it should have done if Section 6308-1, General Code, was to provide the exclusive mode of acquiring jurisdiction over out-of-state defendants in automobile accident eases. There was no indication:
 
 *462
 
 in the adoption of Section 6308-1 itself that any limitation on or repeal
 
 pro tanto
 
 of Section 11228 was intended.
 

 In the opinion of this conr.t, Section 6308-1, General Code, gives a person suffering injury in a motor vehicle accident in this state an option to proceed at once against the allegedly culpable person remaining out of the state, or to defer such procedure until he returns to the state, when the statute will again begin to run by virtue of the provisions of Section 11228, General Code.
 
 Bode
 
 v.
 
 Flynn,
 
 213 Wis., 509, 252 N. W., 284, 94 A. L. R., 480;
 
 Anthes, Exr.,
 
 v.
 
 Anthes, Admr., 21
 
 Idaho, 305, 121 P., 553;
 
 Keith-O’Brien Co.
 
 v.
 
 Snyder,
 
 51 Utah, 227, 169 P., 954.
 

 It is true that it is the purpose of our statutes of limitation to encourage or require the prompt assertion of legal claims, but a person who remains out of the jurisdiction of the locus of an injury which he has caused is not in a favorable position to complain of such possible delay, as against a policy which is clearly sanctioned by the provisions of Section 11228, General Code.
 

 In the recent case of
 
 Commonwealth Loan Co., Lnc.,
 
 v.
 
 Firestine,
 
 148 Ohio St., 133, 73 N. E. (2d), 501, 172 A. L. R., 993, this court held that the operation of Section 11228, General Code, continued as against a nonresident defendant even though the plaintiff, a resident of this state, could have taken personal judgment against the defendant without service of summons, by reason of a warrant of attorney to confess judgment which had been attached to a promissory note and signed by the defendant.
 

 Judge Zimmerman, speaking for this court in that case, appropriately said:
 

 “Section 11228, General Code, provides in unequivocal terms, without qualification or exception, that if
 
 *463
 
 a person, after the accrual of a cause of action against him, departs from the state, the time of his absence
 
 shall not
 
 be computed as any part of a period within which the action must be brought.
 

 “Had the General Assembly intended to remove from the operation of the statute those causes of action against persons absent from the state but against whom judgment might be taken by confession, it could have done so by the use of appropriate language. If this court were to exempt these defendants from the terms of the statute, it would be doing that which the General Assembly has not seen fit to do and would be indulging in judicial legislation.”
 

 The trial court erred in sustaining defendant’s motion of dismissal.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings according to law.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart, Turner and Taet, JJ., concur.