4

KERSHNER'S, INC., APPELLEE, *v.* D. H. OVERMYER CO., INC. OF OHIO, ET AL., APPELLANTS, ET AL.

[Cite as Kershner's, Inc., v. Overmyer Co. (1970), 24 Ohio St. 2d 4.]

(No. 69-700—Decided September 24, 1970.)

*Messrs. Beckman, Lavercombe, Fox & Weil* and *Mr. S. Wayne Wright,* for appellee.

*Messrs. Dinsmore, Shohl, Coates & Deupree, Mr. H. Truxtun Emerson, Jr.,* and *Mr. David W. Jones,* for appellants.

*Per Curiam.* The initial question in this case is whether the Court of Appeals possesses the discretionary power to extend the time for an appellant to file its bill of exceptions.

R. C. 2505.45 permits a Court of Appeals to make rules, "not inconsistent with the laws of the state, for regulating the practice and conducting the business of their respective courts." Pursuant thereto, the Court of Appeals of the First Appellate District promulgated Rule VII(D)(1), which provides:

"Upon failure of the appellant to file his bill of exceptions * * * as herein required, unless good cause is shown to the contrary, the cause will be dismissed for want of prosecution or otherwise disposed of at the discretion of the court."

That rule grants to the Court of Appeals discretionary power to refuse to dismiss an appeal for failure to timely file a bill of exceptions where good cause for the failure is shown.

Although Rule VII(D)(1) grants discretionary power to the Court of Appeals, it is not a valid rule if it is inconsistent with statutory law.

R. C. 2321.05, provides, in part:

"The *trial court* may, in the exercise of its discretion, * * * extend the time within which a bill of exceptions must be filed." (Emphasis added.)

Standing alone that section would render Rule VII (D)(1) inconsistent with state law and, therefore, invalid. However, R. C. 2505.08 provides that the "bill of exceptions * * * may be filed within such time as is provided for in the rules of court." It is argued that R. C. 2505.08 and R. C. 2321.05 grant sole discretionary power to each

court individually and, therefore, conflict. However, any conflict between or ambiguity arising from those two sections may be resolved by giving effect to both. See *Couts* v. *Rose* (1950), 152 Ohio St. 458, 90 N. E. 2d 139. Under those sections, neither court has *exclusive* power to extend the time for filing a bill of exceptions. Both the *trial court,* pursuant to R. C. 2321.05, and the *Court of Appeals,* by Rule VII(D)(1), authorized by R. C. 2505.08, possess discretionary power to extend the filing time.

In this case, the Court of Appeals refused to extend the filing time. It did so with the knowledge that the bill of exceptions had not been filed because the trial court reporter had been too ill to transcribe it from his stenographic notes. The failure to file the bill of exceptions was in no way the fault of appellants. Therefore, the failure of the Court of Appeals to grant an extension of time constituted an abuse of its discretionary power.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.