[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 305.]

HUGHES, APPELLEE, *v*. REGISTRAR, OHIO BUREAU OF MOTOR VEHICLES, APPELLANT.

[Cite as *Hughes v. Ohio Bur. of Motor Vehicles*, 1997-Ohio-387.]

*Motor vehicles—Suspension of driver's license—Ohio resident whose driver's license has been suspended in Ohio based upon an out-of-state conviction for driving under the influence of drugs or alcohol may petition for occupational driving privileges in Ohio—Former R.C. 4507.169 is constitutional.*

An Ohio resident whose driver's license has been suspended in Ohio based upon an out-of-state conviction for driving while under the influence of drugs or alcohol may petition for occupational driving privileges in Ohio. Former R.C. 4507.169 is constitutional. (Former R.C. 4507.16 and former 4507.169 read *in pari materia*.)

(No. 96-718—Submitted April 1, 1997—Decided July 30, 1997.)

APPEAL from the Court of Appeals for Hamilton County, No. C-940825.

———————

{¶ 1} On January 7, 1994, appellant, Charles Hughes ("Hughes"), was arrested in Kentucky for allegedly violating Kentucky Revised Statute 189A.010—driving under the influence of alcohol ("DUI"). On January 11, 1994, in Campbell County Court in Newport, Kentucky, Hughes pled guilty to DUI. According to Hughes, he was fined, required to complete a driver's education course, and had his license suspended for ninety days.

{¶ 2} On March 25, 1994, appellant, the Ohio Bureau of Motor Vehicles ("OBMV"), mailed a notice to Hughes informing him that, pursuant to R.C. 4507.169, his Ohio driver's license was to be suspended from April 15, 1994 to October 15, 1994 due to the DUI conviction in Kentucky.

{¶ 3} On May 5, 1994, Hughes filed a complaint with the Hamilton County Court of Common Pleas, case No. A-9402209, seeking to have the court declare R.C. 4507.169 unconstitutional and to restore his driving privileges. Hughes argued that when an Ohio resident's driver's license is suspended pursuant to R.C. 4507.169 because of an out-of-state conviction, he or she has no recourse to petition for occupational driving privileges, as he or she would under a driver's license suspension for a DUI conviction in Ohio. Hughes alleged that this unequal treatment violated the Equal Protection Clause.

{¶ 4} Pursuant to R.C. 4507.169, Hughes was afforded an administrative hearing on May 17, 1994 to ensure that he was the individual who was convicted of DUI in Kentucky. At the hearing, Hughes argued that R.C. 4507.169 was unconstitutional. The hearing officer did not address Hughes's constitutional argument but did in fact determine that Hughes was the person who had pled guilty to a DUI charge in Kentucky on January 11, 1994. Accordingly, the hearing officer recommended that Hughes's Ohio driver's license be suspended, pursuant to R.C. 4507.169, from April 15, 1994 to October 15, 1994. The OBMV adopted the recommendation.

{¶ 5} On May 25, 1994, pursuant to R.C. 119.12, Hughes appealed the administrative suspension of his license to the Hamilton County Court of Common Pleas. Hughes alleged that the OBMV's order suspending his license was unconstitutional. Hughes's administrative appeal, and his complaint for declaratory judgment filed on May 5, 1994, both pertaining to his license suspension, were apparently consolidated.[1]

{¶ 6} On July 19, 1994, Hughes filed a motion for summary judgment alleging the constitutional infirmity of R.C. 4507.169. The trial court granted the

---

1. There is no entry in the record ordering consolidation of these cases. However, all the pleadings from the declaratory judgment action and administrative appeal are captioned with the same case number — A-9402209.

motion on the basis that R.C. 4507.169 violated the Equal Protection Clause. Specifically, the trial court found that R.C. 4507.169 treats Ohio citizens who are convicted of DUI in another state more severely than those convicted of the same crime in Ohio because, unlike R.C. 4507.16, which provides a mechanism to petition for occupational driving privileges, there is no similar provision under R.C. 4507.169. The trial court found that there was no rational basis for this unequal treatment.

{¶ 7} On appeal, the OBMV argued that R.C. 4507.169 should be read *in pari materia* with R.C. 4507.60 to provide a DUI offender convicted out of state with the right to petition for occupational driving privileges pursuant to R.C. 4507.16, although R.C. 4507.169 does not expressly grant that right. The OBMV claimed that R.C. 4507.60, the Driver's License Compact, requires that the home state (in this instance Ohio) treat an out-of-state DUI conviction as if it had occurred in the home state. Since a person convicted of DUI in Ohio could petition for occupational driving privileges under R.C. 4507.16, an Ohio resident convicted out of state should get the same opportunity.

{¶ 8} The court of appeals was not persuaded by the OBMV's argument. In affirming the trial court's finding that R.C. 4507.169 was unconstitutional, the appellate court reasoned:

"An Ohio resident who is convicted of DUI in a foreign state which is a member of the Driver's License Compact * * * is permitted to petition the trial court for occupational driving privileges under R.C. 4507.16 because the compact requires that any DUI conviction in a member state be treated as if it occurred in the offender's residential state. However, no provision is made under R.C. 4507.169 for an Ohio resident convicted of DUI in a foreign state which is not a member of the Driver's License Compact to petition for occupational driving privileges. Kentucky is not a member of the Driver's License Compact [R.C. 4507.60].

"Appellants [OBMV] have not pointed out any rational basis for treating an Ohio resident convicted of DUI in a non-compact state differently from those Ohio residents convicted of DUI in Ohio or in a Driver's License Compact state. * * *" (Footnotes omitted.)

{¶ 9} The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Lindhorst & Dreidame*, *Leo Breslin, Brian M. Kneafsey, Jr.* and *James O'Connell*, for appellee.

*Betty D. Montgomery*, Attorney General, and *William C. Becker*, Assistant Attorney General, for appellant.

_____

**LUNDBERG STRATTON, J.**

{¶ 10} Because Hughes's driver's license is no longer suspended and the issue of his occupational driving privileges is moot, we must address whether this case presents an issue for our consideration. "Although a case may be moot, a court may hear the appeal where the issues raised are 'capable of repetition, yet evading review.' " *State ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St.3d 165, 527 N.E.2d 807, paragraph one of the syllabus. Many, if not most, of the driver's license suspensions would likely have been completed prior to the date any appeal would have been attempted to this court; thus, we find that this issue could have evaded review. Accordingly, we will consider the equal protection issue raised in this case.

{¶ 11} It is a well-founded principle that statutes are presumed to be constitutional. *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59. In reviewing a statute, a court, if possible, will uphold its constitutionality. *Winslow-Spacarb, Inc. v. Evatt* (1945), 144 Ohio St. 471, 475, 30 O.O. 97, 99, 59 N.E.2d 924, 926. All reasonable doubts as to the

4

constitutionality of a statute must be resolved in its favor. *Dickman.* Courts have a duty to liberally construe statutes in order to save them from constitutional infirmities. *Wilson v. Kennedy* (1949), 151 Ohio St. 485, 492, 39 O.O. 301, 304, 86 N.E. 2d 722, 725.

{¶ 12} In the case at bar, it is asserted that former R.C. 4507.169, which requires that the driver's license of an Ohio resident convicted out of state of DUI be suspended, was constitutionally infirm because it did not provide a mechanism by which that individual may seek occupational driving privileges, while persons convicted of DUI *in* Ohio had a mechanism to petition for occupational driving privileges pursuant to former R.C. 4507.16.[2]

{¶ 13} In order to remedy this difference, courts in similar situations have held that former R.C. 4507.169 and 4507.60 must be read *in pari materia* and have determined that a person whose Ohio driver's license had been suspended for an out-of-state DUI conviction pursuant to R.C. 4507.169 had the right to petition for occupational driving privileges in Ohio. See, *e.g., Wright v. Ohio Bur. of Motor Vehicles* (M.C. 1994), 67 Ohio Misc.2d 29, 644 N.E.2d 743. In *Wright,* the court determined that since R.C. 4507.60 requires a person convicted of DUI out of state (in a Compact state) to be treated as if he or she were convicted in Ohio, the Compact agreement allowed that person to petition for occupational driving privileges pursuant to R.C. 4507.16. However, the lower court in this case determined that Kentucky was not a Compact state. While we agree that former R.C. 4507.169 cannot be read *in pari materia* with R.C. 4507.60 in this case

---

2. We note that both R.C. 4507.169 and 4507.16 have been revised since this case arose. Despite its revision, R.C. 4507.16 still provides that persons who have their licenses suspended may petition for occupational driving privileges. Effective September 17, 1996, R.C. 4507.169, as part of Am.Sub.H.B. No. 353, was revised to also provide a mechanism to petition for occupational driving privileges under that statute, thereby harmonizing it with our holding in this case.

Accordingly, because the amendment to R.C. 4507.169 resolves the issue in dispute herein, this case provides guidance only as to those cases arising before September 17, 1996.

because Kentucky was not a Compact state, we do not agree that former R.C. 4507.169 is unconstitutional if it is read *in pari materia* with former R.C. 4507.16.

{¶ 14} All statutes pertaining to the same general subject matter must be read *in pari materia*. See *Maxfield v. Brooks* (1924), 110 Ohio St. 566, 144 N.E. 725. In construing these provisions together, courts must harmonize and give full application to all provisions "unless they are irreconcilable and in hopeless conflict." *Couts v. Rose* (1950), 152 Ohio St. 458, 461, 40 O.O. 482, 484, 90 N.E.2d 139, 141. For example, if statute "A," literally construed, is constitutionally deficient, and is then read *in pari materia* with a statute "B," statute "B" may set forth a public policy that would provide a constitutional interpretation of statute "A." See *Kropel v. Conlisk* (1975), 60 Ill.2d 17, 25-26, 322 N.E.2d 793, 797-798.

{¶ 15} Former R.C. 4507.16 authorized a court to suspend a driver's license for a DUI conviction in Ohio, while former R.C. 4507.169 authorized a court to suspend the license of an Ohio resident who had been convicted out of state of DUI. Thus, both statutes addressed the court's authority to suspend driving privileges in Ohio. Comparing R.C. 4507.16 (suspension for in-state convictions) with R.C. 4507.169 (suspension for out-of-state convictions), they differed on the issue of the right to petition for occupational driving privileges — R.C. 4507.16 expressly provided a mechanism to petition for occupational driving privileges while R.C. 4507.169 was silent on the matter. Because both statutes addressed license suspensions, they must be read *in pari materia* and harmonized, if possible. *Couts v. Rose*, 152 Ohio St. at 461, 40 O.O. at 484, 90 N.E.2d at 141.

{¶ 16} The General Assembly has determined that persons convicted in Ohio of DUI, whether an Ohio resident or a nonresident, should be afforded an opportunity to petition for occupational driving privileges. This public policy was expressed in former R.C. 4507.16(E), which stated:

"Any person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended pursuant to division (B) or (C)

6

of this section or pursuant to division (F) of section 4511.191 of the Revised Code may file a petition that alleges that the suspension would seriously affect the person's ability to continue his employment. * * * Upon satisfactory proof that there is reasonable cause to believe that the suspension would seriously affect the person's ability to continue his employment, the judge * * * may grant the person occupational driving privileges * * *." 145 Ohio Laws, Part I, 920.

{¶ 17} When an Ohio resident violated a DUI law out of state, he or she was subject to jurisdiction of that state. However, when that person was then subjected to suspension in Ohio pursuant to former R.C. 4507.169, the Equal Protection Clause dictated that he or she have the *same* rights as another Ohio resident who was convicted of a similar violation *in* Ohio.

{¶ 18} Therefore, reading R.C. 4507.169 *in pari materia* with R.C. 4507.16, and based upon the public policy expressed in former R.C. 4507.16, we find that a person whose Ohio driver's license was suspended because of an out-of-state DUI conviction may petition for occupational driving privileges in Ohio under former R.C. 4507.169 despite the statute's silence on the issue. See *Kropel v. Conlisk*, 60 Ill.2d at 25, 322 N.E.2d at 797. This comports with our duty to resolve all reasonable doubts as to constitutionality in favor of former R.C. 4507.169. *Dickman*.

{¶ 19} Accordingly, we hold that former R.C. 4507.169 is constitutional. Reading former R.C. 4507.169 *in pari materia* with former R.C. 4507.16, an Ohio resident whose driver's license has been suspended in Ohio, under former R.C. 4507.169, based upon an out-of-state conviction for driving while under the influence of drugs or alcohol, may petition for occupational driving privileges in Ohio.

{¶ 20} In the case at bar, Hughes was convicted of DUI in Kentucky. Subsequently, the OBMV suspended his Ohio driver's license. However, Hughes was apparently granted occupational driving privileges and has now served his

suspension.  Therefore, we reverse the judgment of the court of appeals, find that former R.C. 4507.169 is constitutional, and reaffirm Hughes's suspension with the grant of occupational driving privileges.

*Judgment reversed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., dissents.

_____