OPINION
{¶ 1} Appellee, Z.H.L. Ltd., contracted with CW Group, Inc., aka The Construction Group, to have office suites constructed on real estate located along East Powell Road in Delaware County. Appellee filed a notice of commencement for the construction project on February 9, 2001.
 {¶ 2} Appellant, Linworth Lumber, supplied lumber materials to the project. CW Group failed to pay appellant. As a result, appellant filed two mechanics' liens, $39,018.45 and $34,094.08, against the real estate.
 {¶ 3} On January 16, 2002, appellant filed a complaint to foreclosure on the mechanics' liens. The mechanics' liens were substituted by a bond. Thereafter, appellant filed an amended complaint on May 29, 2002 to foreclose on the bond.
 {¶ 4} All parties filed motions for summary judgment. By judgment entry filed January 28, 2003, the trial court found in favor of appellee. By judgment entry filed February 6, 2003, the trial court found no just reason for delay and deemed the January 28, 2003 judgment entry a final appealable order.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED IN ITS CONSTRUCTION OF THE PROVISIONS OF R.C. 1311.04 AND R.C. 1311.05."
 II {¶ 7} "THE TRIAL COURT ERRED WHEN IT FOUND THAT THE NOTICE OF COMMENCEMENT PREPARED BY Z.L.H. LTD. CONTAINED SUFFICIENT INFORMATION TO ALLOW LINWORTH LUMBER CO. TO PREPARE AND SERVE A NOTICE OF FURNISHING ON THE PROJECT."
 I, II {¶ 8} Appellant claims the trial court erred in granting appellee's motion for summary judgment. We disagree.
 {¶ 9} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 10} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 11} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 12} Appellant argues appellee did not substantially comply with R.C. 1311.04 regarding its notice of commencement therefore, appellant was excused from filing a notice of furnishing pursuant to R.C. 1311.05. Appellant argues the trial court erred in interpreting the language of R.C. 1311.05, and in finding the notice of commencement was sufficient under R.C. 1311.04.
 {¶ 13} It is undisputed the notice of commencement was deficient and did not strictly comply with R.C. 1311.04(B). The notice of commencement lacked the date the owner first executed a contract, R.C.1311.04(B)(7), a complete list of all original contractors, R.C.1311.04(B)(6), and the address of the person preparing the notice, R.C.1304.11(B)(11). The notice of commencement named Horvath Custom Builders as the original contractor, when in fact the construction manager, Pat Cahill/CW Group, was the general contractor. See, Notice of Commencement and Hunt Affidavit, attached to Plaintiff's July 17, 2002 Memorandum Contra as Exhibits G and A, respectively.
 {¶ 14} R.C. 1311.05 governs notice of furnishing and subsection (A) states as follows in pertinent part:
 {¶ 15} "Except as provided in section 1311.04 of the Revised Code and this section, a subcontractor or materialman who performs labor or work upon or furnishes material in furtherance of an improvement to real property and who wishes to preserve his lien rights shall serve a notice of furnishing, if any person has recorded a notice of commencement in accordance with section 1311.04 of the Revised Code, upon the owner's, part owner's, or lessee's designee named in the notice of commencement or amended notice and the original contractor under the original contract pursuant to which he is performing labor or work or furnishing materials, as named in the notice of commencement or amended notice and at the address listed in the notice or amended notice at any time after the recording of the notice of commencement or amended notice but within twenty-one days after performing the first labor or work or furnishing the first materials or within the extended time period provided for in division (I) or (J) of section 1311.04 of the Revised Code."
 {¶ 16} Subsection (H) relieves a subcontractor or materialman from filing a notice of furnishing as follows:
 {¶ 17} "No subcontractor or materialman who performs labor or work upon or furnishes material in furtherance of an improvement has to serve a notice of furnishing in accordance with this section in order to preserve his lien rights if the owner, part owner, or lessee who contracted for the labor, work, or materials fails to record a notice of commencement inaccordance with section 1311.04 of the Revised Code." (Emphasis added.)
 {¶ 18} R.C. 1311.04(A) states a notice of commencement shall be recorded "in substantially the form specified in division (B) of this section." Subsection (B) lists twelve requirements, and states the notice of commencement "shall contain, in affidavit form, all of" the requirements.
 {¶ 19} The question is which subsection of R.C. 1311.04 is controlling within the language of R.C. 1311.05? Subsection (A), which calls for the notice of commencement to be in "substantially the form specified in division (B) of this section" or subsection (B), which mandates the notice of commencement "shall contain" the twelve requirements?
 {¶ 20} In its judgment entry of January 28, 2003, the trial court found the language of R.C. 1311.05(H), "in accordance with section1311.04," to refer to subsection (A), "substantial compliance," as opposed to the line by line mandate of subsection (B). We concur with this decision for the following reasons.
 {¶ 21} "Substantial compliance is not literal compliance.***It is sufficient that the procedures employed are likely to achieve the same result as that specified in the rule." State v. Rains (1999),135 Ohio App.3d 547, 552. (Citations omitted.) "All statutes pertaining to the same general subject matter must be read in pari materia. SeeMaxfield v. Brooks (1924), 110 Ohio St. 566, 144 N.E. 725. In construing these provisions together, courts must harmonize and give full application to all provisions `unless they are irreconcilable and in hopeless conflict.' Couts v. Rose (1950), 152 Ohio St. 458, 461, 40 O.O. 482, 484, 90 N.E.2d 139, 141." Hughes v. Registrar, Ohio Bureau of MotorVehicles, 79 Ohio St.3d 305, 308, 1997-Ohio-387.
 {¶ 22} By examining the entire two code sections, we find the overriding purpose of the statutes is to put subcontractors or materialmen on notice of who the owner is and where the construction work is to be done. As noted in R.C. 1311.05(B), the notice of furnishing form requires the name and address of the owner/part owner/lessee/designee from the notice of commencement and the name and address of the original contractor from the notice of commencement. Any change or amendment to the notice of commencement does not affect the effective date of the notice of commencement, nor does incorrect information therein invalidate it. R.C. 1311.04(A)(2) and (C). Any changes made to the notice of commencement do not affect the notice of furnishing. R.C. 1311.05(A).
 {¶ 23} The notice of commencement is recorded by the county recorder who "shall index the real property described in the notice of commencement and shall index the names of all owners, part owners, lessees, and land contract vendees in the direct index and the names of all original contractors in the reverse index***. R.C. 1311.04(P). In addition, "the owner, part owner, lessee, or designee shall post and maintain posted a copy of the notice of commencement in a conspicuous place on the real property described in the notice during the course of the actual physical improvement to the real property." R.C. 1311.04(G)(1). There is no evidence of whether this section was followed.
 {¶ 24} We find the notice of commencement sub judice fulfilled the necessary requirements for recording and put subcontractors or materialmen on notice of the owner/part owner/lessee/designee and address of the real property which were necessary for the preparation of the notice of furnishing.
 {¶ 25} We find the language of R.C. 1311.05, "in accordance with section 1311.04," refers to "substantial compliance" of a notice of commencement and not the specific mandates of R.C. 1311.04(B).
 {¶ 26} In our examination of the notice of commencement, we find there has been substantial compliance with R.C. 1311.04. All of the information necessary for the filing of a notice of furnishing was provided and appellant was required to file such a notice.
 {¶ 27} Upon review, we find the trial court did not err in granting summary judgment to appellee.
 {¶ 28} Assignments of Error I and II are denied.
 {¶ 29}
The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By: Farmer, J. and Gwin, P.J. concur.
Hoffman, J. concurs in part, dissents in part.