OPINION
{¶ 1} Appellant, Ohio Construction Industry Licensing Board f/k/a Ohio Construction Industry Examining Board[1] ("the board"), appeals from the judgment of the Franklin County Court of Common Pleas reversing the board's orders revoking the electrical and HVAC[2] contracting licenses of appellee, Stephen J. Roberts. For the reasons that follow, we affirm.
 {¶ 2} The relevant facts are undisputed. Appellee has been engaged in the business of electrical and HVAC contracting in Ohio for roughly 13 years, and has operated his own business for over 10 years. Through the years, he has held numerous licenses issued by municipalities permitting him to engage in such contracting within those specified jurisdictions.
 {¶ 3} In the year 2000, the 123rd Ohio General Assembly passed Am.Sub.H.B. 434 ("the act"), which substantially amended the Construction Industry Certification Law contained in the Ohio Revised Code. The act, whose various sections became effective during the year 2001, created a system under which HVAC contractors, refrigeration contractors, electrical contractors, plumbing contractors, and hydronics contractors who engage in commercial construction may obtain a single state-issued license to do business in all parts of Ohio.
 {¶ 4} Formerly, the board was empowered to issue "qualification certificates." Possession of a qualification certificate entitled the individual contractor to conduct business anywhere in the state, but municipalities or counties could require the contractor to meet additional regulations. The act eliminated most existing authority for municipal corporations and counties to impose additional examinations or skill-related requirements on those contractors who wish to do business within the jurisdiction of the municipal corporation or county. Instead, the qualification certificates were converted to "licenses."
 {¶ 5} Under the former law, in order to receive a qualification certificate, an individual was required to be at least 18 years of age, be a citizen of the United States, be of good moral character, pass an examination, pay a specified fee, and have at least two years of continuous experience immediately prior to application for examination in the area of contracting for which the applicant was applying for the certificate. See former R.C. 4740.06. The 2001 amendment eliminated certain qualification requirements, including that the applicant be of good moral character, but added certain others, including that the applicant not have been convicted of a felony. The newly amended requirements for obtaining a license through examination, pursuant to R.C. 4740.06, now precisely mirrored those enumerated items which, if an individual was found out of compliance with the same, would subject the individual to disciplinary action pursuant to the newly amended R.C. 4740.10. (See text of amended R.C. 4740.10, infra, at ¶ 6.) That is, in enacting Am.Sub.H.B. No. 434, the legislature changed R.C. 4740.06 (respecting qualifications to obtain a license) and R.C. 4740.10 (respecting criteria used to trigger disciplinary action against a licensee) so as to harmonize them. This resulted in a predictable, consistent statutory scheme for statewide licensure of contractors by examination.
 {¶ 6} Pursuant to the act, specific criteria are to be used in deciding whether to issue, renew, suspend, or revoke a license. Specifically, Section 1 of the act amended R.C.4740.10,[3] which at all times relevant hereto provided, in relevant part:
(A) The heating, ventilating, air conditioning, and refrigeration section of the Ohio construction industry examining board for heating, ventilating, and air conditioning contractors and for refrigeration contractors; the electrical section of the board for electrical contractors; the plumbing section of the board for plumbing contractors; and both the plumbing section and the heating, ventilating, air conditioning, and refrigeration section for hydronics contractors may suspend or revoke a license and may direct the administrative section of the board to refuse to issue or renew a license if the section of the board finds that the applicant or licensee has done any of the following:
(1) Been convicted of a misdemeanor involving moral turpitude or a felony;
(2) Violated any provision of this chapter or the rules adopted pursuant thereto;
(3) Obtained a license or any order, ruling, or authorization of the board by fraud, misrepresentation, or deception;
(4) Engaged in fraud, misrepresentation, or deception in the conduct of business.
(B) The appropriate section of the board shall determine the length of time that a license is to be suspended and whether or when an individual whose license has been revoked may apply for reinstatement. The appropriate section of the board may accept or refuse an application for reinstatement and may require an examination for reinstatement.
 {¶ 7} The act included a "grandfather clause" pursuant to which contractors in the five specialty trades would be able to obtain the new statewide license without sitting for a written examination. The grandfather clause provided, in relevant part, as follows:
(A) The heating, ventilating, air conditioning, and refrigeration section of the Ohio Construction Industry Examining Board for heating, ventilating, and air conditioning contractors and refrigeration contractors; the plumbing section of the Board for plumbing contractors; the electrical section for electrical contractors; and both the heating, ventilating, air conditioning, and refrigeration section and the plumbing section for hydronics contractors shall issue a license for those types of contractors, as appropriate, to any individual who meets the criteria described in division (B) or (C) of this section.
(B) The individual does all of the following:
(1) Applies to the appropriate section of the Board within seven months after the effective date of this section;
(2) Pays the appropriate fee determined by each respective section of the Board;
(3) Has been actively engaged as a heating, ventilating, and air conditioning contractor, refrigeration contractor, plumbing contractor, electrical contractor, or hydronics contractor, as applicable, in this state for at least three years immediately prior to the effective date of this section;
(4) Furnishes business records or other evidence to verify the experience required under division (C)(1)(c) of this section to the satisfaction of the appropriate section of the Board;
(5) Provides evidence of all of the following:
(a) Current contractor's liability insurance, including without limitation, complete operations coverage, in the amount of three hundred thousand dollars;
(b) Compliance with Chapters 4121. and 4123. of the Revised Code;
(c) Compliance with any other applicable legal requirements to do business in this state, as determined by the Board.
(C) The individual applies to the appropriate section of the Board within one year after the effective date of this section, pays the appropriate fee determined by each respective section of the Board, and demonstrates that the individual satisfies qualification requirements as the Board determines, to the Board's satisfaction.
Am.Sub.H.B. No. 434, Section 4.[4]
 {¶ 8} Pursuant to the act's grandfather clause, appellee timely filled out and submitted an application for electrical and HVAC contractor licenses. Appellee answered affirmatively a question in Section C of the application regarding whether he had ever been convicted of any felony. He attached a letter explaining that he was convicted of a drug-related felony in 1986, he served time in prison as a result, and was released from parole in 1991. He added that, since his release, he has been involved in a 12-step recovery program and has been drug-free for 10 years.
 {¶ 9} Following receipt of appellee's application, the board issued him licenses for electrical and HVAC contracting, as it was required to do pursuant to paragraph (A) of the grandfather clause. Nearly two years later, however, by letter dated March 21, 2003, the board informed appellee that it had come to the board's attention that he had a felony conviction. The board requested further information, which appellant provided. On April 7, 2003, the board informed appellee, by two certified letters, that the board's electrical and HVAC sections proposed revocation of appellee's licenses due to his felony conviction. Appellee filed a brief in opposition to the board's proposed action, and the matter was set for a hearing. The board held a hearing on June 6, 2003.
 {¶ 10} On June 9, 2003, the hearing officer issued his Report and Recommendation. Therein, he found that in 1984, appellee pled guilty to two counts of breaking and entering and three counts of theft.[5] The hearing officer further found that these convictions were fully disclosed on appellee's grandfather application, but appellant issued appellee's license, according to appellant's representative, due to an oversight. The hearing officer noted that appellee's character witnesses described him as an exemplary person.
 {¶ 11} The hearing officer found well-taken appellee's argument that R.C. 4740.10(A) contains permissive — not mandatory — language, such that the board is not required to revoke a license on account of the holder's felony conviction. However, the hearing officer found that this was insufficient to prohibit the board from proceeding with such a revocation pursuant to R.C.4740.10, in a case in which the licensee in fact has a felony conviction, no matter how long ago the conviction occurred. Accordingly, the hearing officer recommended that the board uphold the request of its electrical and HVAC sections and revoke appellee's contractor licenses.
 {¶ 12} Appellee filed objections to the report of the hearing officer. However, by separate orders dated August 13, 2003, the board informed appellee that its electrical and HVAC sections thereby revoked his contractor licenses. Pursuant to R.C. Chapter 119, appellee filed two separate notices of appeal to the Franklin County Court of Common Pleas. The two cases were consolidated and on January 15, 2004, the trial court journalized a single decision and entry reversing the decision of the board and ordering the board to reinstate appellee's electrical and HVAC licenses.
 {¶ 13} It is from this decision and entry that the board brings this appeal, and asserts the following three assignments of error for our review:
ASSIGNMENT OF ERROR NO. 1
The lower court erred as a matter of law when it determined that Section 4 of Sub. Am. H.B. 434 prohibited appellant from revoking appellee's licenses.
ASSIGNMENT OF ERROR NO. 2
The lower court erred as a matter of law when it determined that appellant was without statutory authority to revoke appellee's licenses.
ASSIGNMENT OF ERROR NO. 3
The lower court erred in determining that appellant's orders revoking appellee's licenses were not supported by reliable, probative, and substantial evidence and were not in accordance with law.
 {¶ 14} R.C. 119.12 governs this appeal[6] and provides, in part:
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
 {¶ 15} Under R.C. 119.12, when the trial court reviews an order of an administrative agency, the trial court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 110-111, 407 N.E.2d 1265. See, also, Andrewsv. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280,131 N.E.2d 390.
 {¶ 16} The trial court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof.'"Lies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207,441 N.E.2d 584, quoting Andrews, supra, at 280. In its review, the trial court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati, supra, at 111.
 {¶ 17} An appellate court's review of an administrative decision is more limited than that of a trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621,614 N.E.2d 748, rehearing denied, 67 Ohio St.3d 1439, 617 N.E.2d 688. InPons, the Supreme Court of Ohio noted: "* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion[.] * * * Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong. Angelkovski v. BuckeyePotato Chips Co. (1983), 11 Ohio App.3d 159, 161-162,463 N.E.2d 1280. On questions of law, however, the court of common pleas does not exercise its discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicinev. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339,587 N.E.2d 835.
 {¶ 18} We will consider and discuss all three of the board's assignments of error together because, the facts being essentially undisputed, our resolution of all of the assignments of error rests upon our review of the propriety of the trial court's legal analysis, and of its ultimate finding that the board's decision was not in accordance with law.
 {¶ 19} We begin by reviewing the substance of the trial court's analysis. The court took note of the fact that, pursuant to the plain language of the grandfather clause, appellee was properly issued his licenses, notwithstanding the fact that he had been previously convicted of a felony. Specifically, the court pointed out that appellee met all criteria enumerated in the grandfather clause, and pursuant to the language thereof, it was mandatory that the board issue appellee's licenses. The court went on to reason that, because appellee's circumstances had not changed since issuance of his licenses, and given that R.C.4740.10 does not mandate revocation for prior felonies, "the Board is without statutory authority to revoke [appellee's] license[s] that it was `mandated' to grant." (Jan. 15, 2004 Decision and Entry, at 6.) The court of common pleas added that, in its opinion, "[t]here seems to be inconsistency between the sections of the O.R.C." (Ibid.)
 {¶ 20} In its brief, the board frames the legal issue presented in this appeal as, "whether a felony was a bar to licensure under Section 4 of [Am.Sub.]H.B. [No.] 434." We do not share the board's perception of the fundamental legal issue before us. The plain language of the grandfather clause, clearly and unambiguously, contains no prohibition on licensure thereunder for convicted felons. Thus, the court of common pleas was correct in determining that appellee was properly issued his statewide contractor licenses under the grandfather clause.
 {¶ 21} The pivotal question in this case was first identified by the hearing officer in his Report and Recommendation. The hearing officer observed that R.C. 4740.10 permits the board to revoke the license of a contractor, "if the [appropriate specialty] section of the board finds that the * * * licensee has * * * been convicted of * * * a felony." R.C. 4740.10(A)(1). The hearing officer concluded that, owing to this unqualified power vested in the board to revoke a license upon a finding that a licensee has committed any felony, no legal impediments prevented the board from revoking appellee's licenses if it chose to do so. We disagree.
 {¶ 22} Within the same enactment in which it amended R.C.4740.06 to include any prior felony conviction as an absolute bar to licensure by examination, the legislature effectuated the grandfather clause, which contains absolutely no language barring convicted felons from licensure thereby. It is therefore clear that the General Assembly intended that prior felonies will not, under any circumstances, provide the basis for any action by the board that would prevent individuals who qualified for licensure under the provisions of the grandfather clause from continuing to engage in the type of contracting for which they were licensed following enactment of Am.Sub.H.B. 434. To construe R.C. 4740.10
to confer unfettered power upon the board to revoke the license of one who obtained his license pursuant to the grandfather clause, and to do so based solely on a pre-licensure felony conviction, directly negates this clear legislative intent.
 {¶ 23} The board's position invites us to ignore the grandfather clause in its entirety, rather than attempt to reconcile the provisions of R.C. 4740.10 and the grandfather clause, which, at first blush, appear to be somewhat inharmonious. Indeed, to allow the board to revoke appellee's license based upon pre-licensure convictions renders the grandfather clause wholly ineffective. In enacting any statute, it is presumed that the entire statute is intended to be effective. R.C. 1.47(B). We perceive nothing in the record or in the applicable version of the Construction Industry Certification Law that overcomes this presumption.
 {¶ 24} Accordingly, we construe R.C. 4740.10 to not allow disciplinary action against a licensee who obtained his or her license pursuant to Section 4 of Am.Sub.H.B. 434, by reason of a felony conviction, when the felony conviction was obtained prior to the date of licensure. This construction harmonizes and gives full effect to both provisions, as we are required to do when possible. See Empire Gas Corp. v. Westerville Bd. of Edn.
(1995), 102 Ohio App.3d 613, 657 N.E.2d 790; Shover v. CordisCorp. (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457; Maxfieldv. Brooks (1924), 110 Ohio St. 566, 144 N.E. 725; Benjamin v.Columbus (1957), 104 Ohio App. 293, 4 O.O.2d 439,148 N.E.2d 695, affirmed (1957), 167 Ohio St. 103, 4 O.O.2d 113,146 N.E.2d 854; State v. Glass (1971), 27 Ohio App.2d 214, 56 O.O.2d 391,273 N.E.2d 893; State v. Hollenbacher (1920), 101 Ohio St. 478,129 N.E. 702. See, also, Couts v. Rose (1950),152 Ohio St. 458, 40 O.O. 482, 90 N.E.2d 139 ("[Courts] in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict").
 {¶ 25} We hold that, as a matter of law, the board did not have the power to revoke appellee's contractor licenses based on his prior felony convictions. Thus, the board's orders were contrary to law and, as the trial court determined, must be reversed. For all of the foregoing reasons, we overrule all three of the board's assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and Klatt, JJ., concur.
[1] The name of the board was changed by Sub.S.B. No. 179, effective September 16, 2004.
[2] HVAC stands for "heating, ventilating and air conditioning."
[3] Sections (A) and (C) were subsequently amended by Sub.S.B. No. 179, effective on September 16, 2004. The pre-Sub.S.B. No. 179 version applies hereto and is reprinted herein.
[4] This section of the act became effective on March 22, 2001.
[5] The hearing officer did not make a specific finding with respect to the 1986 conviction that appellee disclosed on his license application.
[6] In his brief, appellee argues that, in addition to conducting a review pursuant to R.C. Chapter 119, the court of common pleas may also review the board's order for arbitrariness pursuant to R.C. 2506.04. But by the plain language of R.C.2506.01, the former applies only to review of final orders of divisions of the state's political subdivisions. Therefore, R.C.2506.04 is inapplicable herein.