OPINION *Page 2 
{¶ 1} Appellant the Clinton Township Board of Zoning Appeals appeals a judgment of the Court of Common Pleas of Knox County, Ohio, which reversed its decision to deny appellee Mafi, LLC's application for zoning certificates. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ABUSED ITS DISCRETION BY REVERSING THE CLINTON TOWNSHIP BOARD OF ZONING APPEALS' DECISION TO DENY APPELLEE, MAFI LLC'S APPEALS REGARDING THE DENIAL OF TWO ZONING CERTIFICATE APPLICATIONS."
 {¶ 3} The record indicates appellee Mafi, LLC sought to erect two billboards, one at 800 North Sandusky Street and the other at 400 Harcourt Road, both in Clinton Township, Mount Vernon, Ohio. The proposed billboards would each have two sides with four panels of advertising. In total, the billboards would encompass 1152 square feet.
 {¶ 4} On February 5, 2007, Mafi, LLC submitted applications for zoning certificates for the two proposed billboards. The zoning inspector denied both applications, and Mafi, LLC appealed to the Clinton Township Board of Zoning Appeals. The Board of Zoning denied the appeal, and Mafi, LLC appealed to the Knox County Court of Common Pleas. On November 20, 2007, the Knox County Court of Common Pleas found the decision of the Clinton Township Board of Zoning Appeals is unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record. *Page 3 
 {¶ 5} In reviewing an appeal from an administrative decision, a court of common pleas begins with the presumption the Board's determination is valid, and the appealing party bears the burden of showing otherwise,C. Miller Chevrolet v. Willoughby Hills (1974), 38 Ohio St. 2d 298. R.C. 2506.04 provides the common pleas court may find the decision appealed as unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. The common pleas court may affirm, reverse, vacate or modify the decision, or may remand the matter to the Board with instructions to enter a decision consistent with the findings or opinion of the common pleas court. In Dudukovich v. HousingAuthority (1979), 58 Ohio St. 2d 202, the Supreme Court explained in an administrative appeal the court of common pleas weighs the evidence in the record and whatever evidence may be admitted in the common pleas court, to determine whether there exists a preponderance of the reliable, probative and substantial evidence to support the agency's decision. The Dudukovich court cautioned that the common pleas court may not substitute its judgment for that of the agency in areas of administrative expertise. If the matter is appealed to the court of appeals, we do not weigh the evidence, but restrict our review to questions of law, and abuse of discretion, Id.
 {¶ 6} The issue turns on the interpretation of Sections 1208 and 1212 of the Clinton Township Zoning Code.
 {¶ 7} The Board argues Resolution No. 1208 of the Zoning Code applies to the proposed billboards. It provides: "Section 1208 of the Zoning Text is changed to read: 1208 Freestanding Signs: Freestanding Signs supports shall not be over 20 feet in height. The sign shall have a maximum total sign area of 100 square feet, (50 square *Page 4 
feet on each side) and located not closer than 30 feet to any adjoining lot line and may be erected to serve a group of business establishments. There shall be only one freestanding sign for each building, regardless of the number of businesses conducted in said building."
 {¶ 8} Prior to its amendment, Section 1208 of the Zoning Code provided "freestanding on-premises signs distance from ground to sign shall be 10 feet with a total sign its supports not over 20 feet in height. The sign shall have a maximum total sign area of 100 square feet, (50 feet square feet on each side), and located not closer than 30 feet from any street right-of-way line and not closer than 30 feet to any adjoining lot line may be erected to serve a group of business establishments. There shall be only one freestanding sign for each building, regardless of the number of business conducted in said building."
 {¶ 9} Section 1212 of Clinton Township Zoning Code provides: "Limitation: for purposes of this resolution, outdoor advertising off-premises signs shall be classified as a business use and be permitted in all districts zoned for manufacturing or business, or lands used for agricultural purposes." This section reflects the language of R.C. 519.20, which directly authorizes outdoor advertising signs as a permitted use on a statewide basis, without restriction by local zoning codes, for all lands zoned for business or agriculture.
 {¶ 10} In Hughes v. Bureau of Motor Vehicles, 79 Ohio St. 3d 305,1997-Ohio-387, 681 N.E. 2d 430, the Ohio Supreme Court stated: "All statutes pertaining to the same general subject matter must be readin pari materia. See Maxfield v. Brooks (1924), 110 Ohio St. 566,144 N.E. 725. In construing these provisions together, courts *Page 5 
must harmonize and give full application to all provisions `unless they are irreconcilable and in hopeless conflict.' Couts v. Rose (1950),152 Ohio St. 458, 461, 40 O.O. 482, 484, 90 N.E. 2d 139, 141."
 {¶ 11} The Board construes Section 1208 to apply to both on-and off-premises signs, rendering Section 1212 without force. We find prior to its amendment, former Section 1208 clearly applied only to on-premises signs. The amendment to Section 1208 deleted the words on-premises, as well as changing where the signs may be located. Section 1212 limits Section 1208 to on-premises signs and specifically exclude off-premises signs from Section 1208's requirements.
 {¶ 12} It is well established because zoning regulations deprive the owners of real estate of certain uses of it, and are in derogation of common law, the regulations must be strictly construed and not extended by implication, see, e.g., Lykins v. Dayton Motorcycle Club (1972), 33 Ohio App. 2d 269. Likewise, the zoning regulations must be reasonable, see, Euclid v. Amber Realty Company (1926), 272 U.S. 365.
 {¶ 13} We conclude Section 1208 does not apply to the proposed billboards. We find the trial court did not err as a matter of law or abuse its discretion when it found the decision of the Clinton Township Board of Zoning Appeals' decision was not supported by a preponderance of substantial, reliable, and probative evidence on the whole record.
 {¶ 14} The assignment of error is overruled. *Page 6 
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, for the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed. Costs to appellant. *Page 1