OPINION *Page 2 
{¶ 1} These are two appeals brought by the Clinton Township Board of Zoning Appeals from two judgments of the Court of Common Pleas of Knox County, Ohio, which found the decisions of the Board were not supported by the evidence presented. We consolidate the cases for purposes of the memorandum opinion because the issues presented by each are identical. Appellee in both cases is the Barnes Advertising Corporation. The Board assigns identical errors in each of the appeals:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY REVERSING THE CLINTON TOWNSHIP BOARD OF ZONINIG APPEALS' DECISION TO DENY APPELLEE, BARNES ADVERTISING CORPORATION'S APPEAL REGARDING THE DENIAL OF THE APPLICATION FOR THE ZONING CERTIFICATE."
 {¶ 3} The record indicates Barnes Advertising Corporation submitted applications for variances to the Board on December 14, 2006. Barnes proposed erecting billboards at 555 Harcourt Road, Clinton Township, Mount Vernon, Ohio and 9090 Columbus Road, Clinton Township, Mount Vernon, Ohio. Each side of the proposed billboard would measure 12 feet by 25 feet, for a total of 300 square feet per side. Thus, the entire proposed billboards would each encompass 600 square feet of advertising.
 {¶ 4} Before the Board made any decision on the applications for variances, Barnes decided the proposed billboards did not require variances. On January 11, 2007, Barnes withdrew the applications for variances and instead filed applications for zoning certificates for the two billboards.
 {¶ 5} The Clinton Township Zoning Inspector denied the applications for zoning certificates, finding the Clinton Township Zoning Code prohibited signs of the size *Page 3 
Barnes wished to erect. Barnes appealed the rulings to the Board, which denied the appeals. Barnes then appealed the matter to the Common Pleas Court pursuant to R.C. 2506.03.
 {¶ 6} The trial court found the Board's determination was not supported by a preponderance of substantial, reliable, probative evidence contained in the entire record. The court reversed the decision of the Board of Zoning Appeals.
 {¶ 7} In reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption the Board's determination is valid, and the appealing party bears the burden of showing otherwise,C. Miller Chevrolet v. Willoughby Hills (1974), 38 Oho St. 2d 298. R.C. 2506.04 provides the common pleas court may find the decision appealed from is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. The common pleas court may affirm, reverse, vacate or modify the decision, or may remand the matter to the Board with instructions to enter a decision consistent with the findings or opinion of the common pleas court.
 {¶ 8} In Dudukovich v. Housing Authority (1979), 58 Ohio St. 2d 202, the Supreme Court explained in an administrative appeal the court of common pleas weighs the evidence in the record and whatever additional evidence may be admitted, to determine whether there exists a preponderance of the reliable, probative and substantial evidence to support the agency's decision. The Dudukovich court cautioned that the common pleas court may not substitute its judgment for that of the agency in areas of administrative expertise. If the matter is appealed to the court of appeals, we *Page 4 
do not weigh the evidence, but restrict our review to questions of law, and abuse of discretion, Id.
 {¶ 9} The issue turns on the interpretation of Sections 1208 and 1212 of the Clinton Township Zoning Code.
 {¶ 10} The Board argues Resolution No. 1208 of the Zoning Code applies to the proposed billboards. It provides: "Section 1208 of the Zoning Text is changed to read: 1208 Freestanding Signs: Freestanding Signs supports shall not be over 20 feet in height. The sign shall have a maximum total sign area of 100 square feet, (50 square feet on each side) and located not closer than 30 feet to any adjoining lot line and may be erected to serve a group of business establishments. There shall be only one freestanding sign for each building, regardless of the number of businesses conducted in said building."
 {¶ 11} Prior to its amendment, Section 1208 of the Zoning Code provided "freestanding on-premises signs distance from ground to sign shall be 10 feet with a total sign its supports not over 20 feet in height. The sign shall have a maximum total sign area of 100 square feet, (50 square feet on each side), and located not closer than 30 feet from any street right-of-way line and not closer than 30 feet to any adjoining lot line may be erected to serve a group of business establishments. There shall be only one freestanding sign for each building, regardless of the number of business conducted in said building."
 {¶ 12} Section 1212 of the Clinton Township Zoning Code provides: "Limitation: for purposes of this resolution, outdoor advertising off-premises signs shall be classified as a business use and be permitted in all districts zoned for manufacturing or business, *Page 5 
or lands used for agricultural purposes." This section reflects the language of R.C. 519.20, which directly authorizes outdoor advertising signs as a permitted use on a statewide basis, without restriction by local zoning codes, for all lands zoned for business or agriculture.
 {¶ 13} In Hughes v. Bureau of Motor Vehicles, 79 Ohio St.3d 305,1997-Ohio-387, 681 N.E.2d 430, the Ohio Supreme Court stated: "All statutes pertaining to the same general subject matter must be readin pari materia. See Maxfield v. Brooks (1924), 110 Ohio St. 566, 144 N.E. 725. In construing these provisions together, courts must harmonize and give full application to all provisions `unless they are irreconcilable and in hopeless conflict.' Couts v. Rose (1950),152 Ohio St. 458, 461, 40 O.O. 482, 484, 90 N.E.2d 139, 141."
 {¶ 14} The Board construes Section 1208 to apply to both on-and off-premises signs, rendering Section 1212 without force. We find prior to its amendment, former Section 1208 clearly applied only to on-premises signs. The amendment to Section 1208 deleted the words on-premises, as well as changing where the signs may be located. Section 1212 limits Section 1208 to on-premises signs and specifically excludes off-premises signs from Section 1208's requirements.
 {¶ 15} It is well established because zoning regulations deprive the owners of real estate of certain uses of it, and are in derogation of common law, the regulations must be strictly construed and not extended by implication, see, e.g., Lykins v. Dayton Motorcycle Club (1972), 33 Ohio App. 2d 269. Likewise, the zoning regulations must be reasonable, see, Euclid v. Amber Realty Company (1926), 272 U.S. 365. *Page 6 
 {¶ 16} We conclude Section 1208 does not apply to the proposed billboards. We find the trial court did not err as a matter of law or abuse its discretion when it found the decision of the Clinton Township Board of Zoning Appeals' decision was not supported by a preponderance of substantial, reliable, and probative evidence on the whole record.
 {¶ 17} The assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgments of the Court of Common Pleas of Knox County, Ohio, are affirmed.
 Gwin, P.J., Farmer, J., and Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed. Costs to appellant. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed. Costs to appellant. *Page 1