**BENDIX AUTOLITE CORPORATION,**
Plaintiff-Appellant,

v.

**MIDWESCO ENTERPRISES, INC.,**
Defendant/Third-Party,
Plaintiff-Appellee,

International Boiler Works Company,
Third-Party Defendant.

No. 85–3784.

United States Court of Appeals,
Sixth Circuit.

Argued April 17, 1987.

Decided June 3, 1987.

Noel C. Crowley, New York City, Philip L. Dombey, Leatherman, Witzler, Dombey, Hart and Kobil, Perrysburg, Ohio, J. Kenneth Wainwright, Jr., argued, Allied Corp. Law Dept., Morristown, N.J., for Bendix Autolite Corp.

Heil-Quaker Corp., Stanley M. Lipnick, Arnstein, Gluck, Lehr, Barron & Milligan, Chicago, Ill., amicus curiae for Bendix.

Harland M. Britz, Toledo, Ohio, Ira J. Bornstein, argued, Harvey J. Barnett, Chicago, Ill., for Midwesco Enterprises, Inc.

Before MARTIN, JONES, and MILBURN, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Bendix Autolite Corporation appeals the grant of summary judgment to Midwesco Enterprises, Inc. in this diversity contract dispute. Bendix claims the district court erred in finding that Ohio's tolling statute imposes an impermissible burden on interstate commerce. For the following reasons, we affirm.

Bendix is a Delaware corporation with its principal place of business in Ohio. Midwesco is an Illinois corporation with its principal place of business in Illinois. Mid-

wesco is not authorized to do business in Ohio, has no corporate office or facility in Ohio, and has not appointed an agent for service of process in Ohio.

Bendix and Midwesco entered into a contract in August 1974 whereby Midwesco would supply and install a coal-fired boiler system at a Bendix facility in Fostoria, Ohio. Bendix, dissatisfied with the system, filed suit in December 1980 claiming Midwesco improperly installed the boiler and knowingly installed a system that was too small to produce the quantity of steam specified in the contract.

Midwesco moved for summary judgment arguing that Bendix's action was barred by Ohio's statute of limitations. Ohio allows four years for bringing claims for breach of contract for the sale of goods and four years for claims for fraud. Ohio Rev.Code §§ 1302.98, 2305.09(C).

Midwesco raised two arguments in its motion, both concerning the applicability of Ohio's saving clause which reads:

> When a cause of action accrues against a person, if he is out of state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.

*Id.* § 2305.15.

First, Midwesco contended that the statute was inapplicable because Midwesco was, in effect, present in Ohio during the relevant period. Midwesco claimed that because it was continually subject to the long arm jurisdiction of the Ohio courts, it should be considered within the state for purposes of the statute. Second, Midwesco argued that the statute was inapplicable because it imposed an impermissible burden on interstate commerce in violation of the Constitution. The district court reject-

ed Midwesco's first argument but granted summary judgment on the ground that the tolling statute is unconstitutional.

A court may determine whether a state statute violates the commerce clause by employing either a balancing test or a *per se* rule. The balancing approach is appropriate in instances where there is no patent discrimination against interstate trade and where other legislative objectives are credibly advanced. As the Supreme Court explained in *Philadelphia v. New Jersey:*

> Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.... If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities.

437 U.S. 617, 624, 98 S.Ct. 2531, 2535, 57 L.Ed.2d 475 (1978) (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970)).

In other instances, the burden on interstate commerce is deemed so direct and substantial that the Court has said it is unnecessary to balance the competing interests and has ruled state statutes to be *per se* violations of the commerce clause. *See South Carolina Highway Dept. v. Barnwell Bros., Inc.*, 303 U.S. 177, 184 n. 2, 58 S.Ct. 510, 513 n. 2, 82 L.Ed. 734 (1938). The *per se* rule is commonly applied when state regulations discriminate against foreign corporations engaged exclusively in interstate commerce merely because they have failed to qualify to do business in the state. *See Allenberg Cotton Co., Inc. v. Pittman*, 419 U.S. 20, 95 S.Ct. 260, 42 L.Ed.2d 195 (1974); *Dahnke-Walker Milling Co. v. Bondurant*, 257 U.S. 282, 42 S.Ct. 106, 66 L.Ed. 239 (1921).

The district court relied on two recent cases in deciding that Ohio's statute is un-

constitutional. In *Coons v. American Honda Motor Co.*, 94 N.J. 307, 463 A.2d 921 (1983), the New Jersey Supreme Court reviewed a tolling statute similar to Ohio's.[1] The court first determined that in order to be "represented" in New Jersey within the meaning of the statute, a corporation had to be licensed to do business in the state. The court then held the statute to be a *per se* violation of the commerce clause, stating that:

> [t]he legislature cannot accomplish indirectly that which it could not do directly; it cannot, in effect, force licensure on foreign corporations dealing exclusively in interstate commerce by otherwise preventing them from gaining the benefit of the statute of limitations defense. The burden thus imposed on interstate commerce is unconstitutional.

463 A.2d at 927.

In *McKinley v. Combustion Engineering, Inc.*, 575 F.Supp. 942 (D.Idaho 1983), the court dealt with a tolling statute that required corporations to meet certain provisions prior to receiving the benefits of the statute of limitations.[2] These provisions demanded that corporations record articles of incorporation with the Secretary of State prior to doing business in Idaho and that foreign corporations designate a person within the state for service of process. Idaho Code §§ 30–501, 30–502 (repealed 1979).

The court, using a balancing test, found the statute to be unconstitutional. *McKin-*

*ley*, 575 F.Supp. at 947–48. It declined to use a *per se* analysis because under Idaho case law interpreting Idaho legislative intent, the statute could not be construed as applying only to firms engaged exclusively in interstate commerce. *Id.* at 945. The court noted, however, that the statute would have also clearly violated the commerce clause if the *per se* rule had been applied.

■ We agree with the district court that the reasoning of *Coons* and *McKinley* should be applied to the case at hand. The Ohio tolling statute, like those of New Jersey and Idaho, places the foreign corporation in the ... difficult position of having to choose between exposing itself to personal jurisdiction in [state] courts by complying with the tolling statute, or, by refusing to comply, to remain liable in perpetuity for all lawsuits containing state causes of action filed against it in [the state].

*McKinley*, 575 F.Supp. at 945. We find this burden placed on firms engaged exclusively in interstate commerce to be a *per se* violation of the commerce clause.

■ Bendix argues that we need not find the statute unconstitutionally burdensome because foreign corporations may, in fact, appoint an agent to receive process in Ohio without formally registering to do business in the state. It offers two methods for accomplishing this: 1) designating an agent by contract, and 2) giving notice to the Secretary of State. We find neither of

---

1. N.J.Stat. § 2A:14–22 (1984) reads in pertinent part:

> If any person against whom there is any of the causes of action specified ... is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this state or such corporation or corporate surety is not so represented within this state shall not be computed as a part of

the periods of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times or nonresidence or nonrepresentation.

2. Idaho Code 30–509 (repealed 1979) read:

> Every such corporation which fails to comply with the provisions of this chapter shall be denied the benefit of the statutes of the state limiting the time for the commencement of civil actions, and any limitations in such statutes shall only run in favor of any such corporations during such time as such person duly designated, as aforesaid, upon whom such service can be made, shall be within the state.

these arguments persuasive. While we acknowledge that Midwesco could have chosen to name an agent as part of its contract with Bendix, this fact alone in no way solves the problem of whether the tolling statute violates the commerce clause. With regard to Bendix's suggestion that a corporation may merely notify the Secretary of State of its designated representative, we note simply that this argument is highly speculative and devoid of any statutory support.

■ Next, Bendix contends that the district court erred by unnecessarily deciding the constitutional issue. We disagree. Bendix had initially claimed that because Midwesco promised but failed to repair the boiler system over a four year period Midwesco should be estopped from asserting the statute of limitations defense. The district court rejected this argument because Bendix failed to produce affidavits in support of its allegations. Therefore, we find that because the district court first considered the state law issue, it did not err in deciding the constitutional question.

Finally, Bendix argues that in the event the district court is affirmed on the constitutional issue, the ruling should be given only prospective effect. Bendix raises this claim for the first time in its reply brief and, consequently, we refuse to consider it now. *Thompson v. C.I.R.*, 631 F.2d 642 (9th Cir.1980). "The general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Id.* at 649.

The decision of the district court is affirmed.