[Cite as *Mealick v. Nichols*, 2011-Ohio-6546.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARK MEALICK, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellants | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| v. | Case No. CT2011-0021 |
| BRYAN NICHOLS, ET AL. | |
| Defendant-Appellees | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Case No. CC2010-0695 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | December 14, 2011 |

APPEARANCES:

For Defendant-Appellee
Bryan Nichols

For Plaintiff-Appellants

THOMAS M. COUGHLIN, JR.
BRADLEY B. GIBBS
Ritzler, Coughlin & Paglia, Ltd.
1360 East Ninth Street
1000 IMG Center
Cleveland, Ohio 44114

MILES D. FRIES
Gottlieb, Johnston, Bean & Dal Ponte
320 Main Street, P.O. Box 190
Zanesville, Ohio 43702-0190

For Defendant-Appellee
American Collectors Insurance and
American Bankers Insurance

R. EMMETT MORAN
1200 Fifth Third Center
600 Superior Ave., East
Cleveland, Ohio 44114

*Hoffman, P.J.*

{¶ 1}   Plaintiff-appellant Mark Mealick appeals the May 3, 2011 Judgment Entry of the Muskingum County Court of Common Pleas dismissing his complaint against Defendant-appellee Bryan Nichols.

STATEMENT OF THE CASE

{¶ 2}   On August 8, 2006, Appellant filed a complaint against Bryan Nichols following a motor vehicle accident which occurred on August 17, 2004.   Appellant voluntarily dismissed the case without prejudice on December 10, 2007.   On October 22, 2010, Appellant refiled his complaint against Appellee.

{¶ 3}   On February 18, 2011, Appellee filed a motion to dismiss pursuant to Civil Rule 12(B)(6) asserting the complaint was filed outside the statute of limitations.   Via Judgment Entry of May 3, 2011, the trial court granted the motion to dismiss.

{¶ 4}   Appellant now appeals, assigning as error:

{¶ 5}   "I. THE TRIAL COURT ERRED IN GRANTING RULE 12(B)(6) MOTION TO DISMISS WHERE THE ALLEGATIONS IN THE COMPLAINT DID NOT CONCLUSIVELY SHOW ON ITS FACE THAT THE STATUTE OF LIMITATIONS WAS A BAR TO THIS ACTION."

{¶ 6}   In the sole assignment of error, Appellant asserts the trial court erred in dismissing the cause of action as the complaint does not conclusively establish on its face the statute of limitations barred the action.   Appellant alleged in his Complaint Appellee had been out of state since the date of the accident; thereby tolling the statute of limitations.

{¶ 7}   O.R.C. 2305.15(A) states,

{¶ 8}   "(A) When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought."

{¶ 9}   Ohio Civil Rule 12(B)(6) reads,

{¶ 10}  "(B) How presented

{¶ 11}  "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: *** (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule

56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

{¶ 12} A motion to dismiss pursuant to Rule 12(B)(6) merely tests the sufficiency of the complaint. In order for such a motion to be granted, it must appear beyond doubt from the complaint itself the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242. The trial court is required to construe the complaint in a light most favorable to the plaintiff, and must presume the factual allegations in the complaint are true. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190. The court must make all reasonable inferences in favor of the plaintiff. Id.

{¶ 13} In deciding a Rule 12(B)(6) motion, the trial court can only consider the allegations of the complaint, and cannot look outside the four corners of the complaint. The court must presume all of the allegations of the complaint are true. We note the trial court did not convert the motion to dismiss to a motion for summary judgment; therefore, pursuant to Ohio law, the trial court was precluded from considering matters outside the pleadings.

{¶ 14} The October 22, 2010 complaint filed herein states,

{¶ 15} "6. Defendant Nichols has been out of state since the date of the accident, thus tolling the statute of limitations."

{¶ 16} Because Appellant alleges Appellee has been out of the state since the date of the accident, we find the statute of limitations would be tolled pursuant to RC. 2305.15 set forth above.

{¶ 17} Appellee cites *Bendix Autolight Corp. Midwesco Enterprises, Inc.* (1998), 486 U.S. 888, 108 S.Ct 2218, holding R.C. 2305.15 unconstitutional in violation of the Commerce Clause by requiring foreign corporations to choose between "exposing itself to personal jurisdiction in [state] courts by complying with the tolling statute, or, by refusing to comply, to remain in perpetuity for all lawsuits containing state causes of action filed against it in [the state]."

{¶ 18} This Court has interpreted the decision in *Bendix* to apply only where interstate commerce is involved. In *Wise v. Morrison*, (July 31, 2000), Stark App. No. 1999CA00272, this Court held:

{¶ 19} "However, the constitutionality of R.C. 2305.15(A) was challenged in *Bendix Autolight Corp. v. Midwesco Enterprises, Inc.* (1988), 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896. In *Bendix,* the United States Supreme Court considered R.C. 2305.15(A) to determine if it violated the Commerce Clause [footnote omitted] as applied to out-of-state corporations, which were engaged in interstate commerce. The Court did not declare the statute unconstitutionally discriminatory on its face but applied a balancing test to determine whether the State's interest was legitimate and whether the burden on interstate commerce exceeded the local benefits so as to constitute an unreasonable burden. The Court found that a foreign corporation would have to choose between exposure to the general jurisdiction of Ohio courts, by appointing a resident agent, or forfeit any statute of limitations defense under the tolling statute. The Court

determined that this choice was an impermissible burden on interstate commerce, thereby violating the Commerce Clause.

**{¶ 20}** "***

**{¶ 21}** "We find *Bendix* did not overrule *Wetzel* in factual situations in which the defendant was not engaged in interstate commerce, and therefore the Commerce Clause was not implicated, or in factual situations in which the result of the application of the balancing test, as applied in *Bendix,* would produce a finding that the burden imposed on interstate commerce by the tolling of the statute was not unreasonable. *Bendix,* 108 S.Ct. at 2220-2221; *Crosby v. Beam* (1992), 83 Ohio App.3d 501, 512, 615 N.E.2d 294."

**{¶ 22}** Appellee has yet to demonstrate he was engaged in interstate commerce during his absence from the State. The Commerce Clause has not been implicated under the factual situation presented, and any determination as to whether R.C. 2305.15 is unconstitutional as applied herein is premature. Given the posture of the pleadings relevant to Appellee's Civil Rule 12(B)(6) motion; i.e, Appellee was out of state since the time of the accident, we conclude the statute of limitations was tolled and the trial court erred in granting the motion to dismiss the complaint.

{¶ 23} The May 3, 2011 Judgment Entry of the Muskingum County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Farmer, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards _____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MARK MEALICK, ET AL.                        :
                                            :
    Plaintiff-Appellants                   :
                                            :
v.                                          :           JUDGMENT ENTRY
                                            :
BRYAN NICHOLS, ET AL.                       :
                                            :
    Defendant-Appellees                    :           Case No. CT2011-0021


For the reason stated in our accompanying Opinion, the May 3, 2011 Judgment Entry of the Muskingum County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs to Appellee.



s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS