[Cite as *Roy v. Grove*, 2021-Ohio-2689.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Richard Roy, | : | |
| Plaintiff-Appellant, | : | No. 19AP-870 |
| | | (C.P.C. No. 18CV-9077) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Martha Grove et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 5, 2021

**On brief**: *Geiser, Bowman & McLafferty, LLC*, and *Sydney S. McLafferty*, for appellant. **Argued**: *Sydney S. McLafferty*.

**On brief**: *Law Offices of Craig S. Cobb*, and *Jonathan G. Preston*, for appellee. **Argued**: *Jonathan G. Preston*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, Richard Roy, from a decision and entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Martha Grove, and dismissing appellant's negligence claim as barred on statute of limitations grounds.

{¶ 2} The following background facts, essentially not in dispute, are taken primarily from the trial court's summary judgment decision. On October 24, 2016, Grove, while operating a vehicle on State Route 315, struck the rear of a vehicle driven by appellant. At the time of the accident, Grove "was a resident of Indiana and was only in Columbus

visiting her daughter, while also looking for a possible future home." (Decision at 1.) Grove "returned to Indiana on the day following the accident," and "[s]he eventually moved to Columbus in January 2017." (Decision at 1.)

{¶ 3} On October 30, 2018, appellant filed a complaint for negligence against Grove. Appellant's complaint also named as defendants State Farm Mutual Automobile Insurance Company ("State Farm") and Allstate Insurance Company ("Allstate"), asserting claims against those defendants for "uninsured/underinsured motorist's coverage." (Decision at 1.) Allstate subsequently filed an answer and a cross-claim against Grove and State Farm, while State Farm filed an answer and a cross-claim against Grove.

{¶ 4} On September 4, 2019, Grove filed a motion for summary judgment asserting appellant's personal injury action was not filed within the two-year limitations period of R.C. 2305.10. Appellant filed a memorandum contra the motion arguing the two-year statute of limitations for the claim against Grove was tolled, pursuant to R.C. 2305.15, as a result of the time Grove spent outside Ohio. On September 23, 2019, appellant filed a notice of dismissal of State Farm.

{¶ 5} By decision and entry filed November 27, 2019, the trial court granted summary judgment in favor of Grove, holding the statute of limitations "did not toll while Ms. Grove was at her Indiana residence between October 25, 2016, and January 2017." (Decision at 4.) The court therefore concluded the statute of limitations on appellant's claim against Grove expired on October 24, 2018.

{¶ 6} On appeal, appellant sets forth the following single assignment of error for this court's review:

> The trial court erred by granting Defendant-Appellee Martha Groves' motion for summary judgment.

{¶ 7} Under his single assignment of error, appellant challenges the trial court's grant of summary judgment in favor of Grove, asserting the trial court erred in failing to apply the tolling provision of R.C. 2305.15(A) to the facts of this case. Appellant argues the trial court erred in finding R.C. 2305.15(A) to be unconstitutional as applied to out-of-state residents. Appellant maintains the statute makes no distinction in its application to residents or non-residents, and that its provisions have been previously upheld as constitutional by the Supreme Court of Ohio.

{¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper when: "(1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party." *Lee v. Cleveland*, 151 Ohio App.3d 581, 2003-Ohio-742, ¶ 16 (8th Dist.). This court's review of a trial court's decision on summary judgment is de novo. *Id.*

{¶ 9} R.C. 2305.15(A) states as follows:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

{¶ 10} Appellant notes the Supreme Court has had several opportunities to review the provisions of R.C. 2305.15 (and its predecessor statute Gen.Code 11228), including a consideration of its applicability to non-residents. In support, appellant cites decisions by the Supreme Court in *Couts v. Rose*, 152 Ohio St. 458 (1950), *Seeley v. Expert, Inc.*, 26 Ohio St.2d 61 (1971), and *Johnson v. Rhodes*, 89 Ohio St.3d 540 (2000).

{¶ 11} In *Couts,* the plaintiff was injured in an automobile collision with a vehicle driven by a non-resident defendant, and the issue before the court was whether the availability of service of process under Ohio's non-resident service statute precluded application of Ohio's tolling statute. Despite the non-resident defendant's amenability to service, the Supreme Court found the tolling statute applicable, holding in part: "It is true that it is the purpose of our statutes of limitation to encourage or require the prompt assertion of legal claims, but a person who remains out of the jurisdiction of the locus of an injury which he has caused is not in a favorable position to complain of such possible delay, as against a policy which is clearly sanctioned by the provisions of Section 11228, General Code." *Couts* at 462.

{¶ 12} Under the facts of *Seeley*, the plaintiffs, non-residents of Ohio, brought an action against the defendants, also non-residents of Ohio, arising out of an automobile accident occurring in Ohio. The plaintiffs filed their action outside the statute of limitations, and the defendants argued the savings clause of R.C. 2305.15(A) was not applicable to them because they were non-resident defendants. The Supreme Court rejected the defendants' argument, concluding "the provisions of R.C. 2305.15, tolling the running of the Ohio statutes of limitation during the time a defendant is absent from the state of Ohio, are not limited in their application to persons who were residents of Ohio at the time the event giving rise to a cause of action took place, but also include persons who have never been residents of Ohio." *Id.* at 65.

{¶ 13} Subsequent to the Supreme Court's decisions in *Couts* and *Seeley*, the United States Supreme Court, in *Bendix Autolite Corp. v. Midwesco Ents., Inc.*, 486 U.S. 888 (1988), considered the constitutionality of the tolling provisions of R.C. 2305.15 as to a foreign corporation defendant. The plaintiff in *Bendix* was a Delaware corporation with its principal place of business in Ohio, while the defendant was an Illinois corporation with its principal place of business in Illinois. Under the facts of that case, the defendant agreed to deliver and install a boiler system (at plaintiff's facility in Ohio), which the plaintiff later claimed was improperly installed and insufficient to perform as specified in the parties' contract. After the defendant asserted the statute of limitations for breach of contract or fraud as a defense, the plaintiff invoked the provisions of Ohio's tolling statute (R.C. 2305.15). The defendant, in turn, "replied that this tolling provision violated both the Commerce Clause and the Due Process Clause of the Fourteenth Amendment." *Id.* at 890.

{¶ 14} The federal district court "dismissed the action, finding that the Ohio tolling statute constituted an impermissible burden on interstate commerce." *Id.* at 890-91. The Sixth Circuit Court of Appeals affirmed, finding R.C. 2305.15 to be discriminatory "in violation of the Commerce Clause because it required a foreign corporation to choose between ' "exposing itself to personal jurisdiction in [state] courts by complying with the tolling statute, or, by refusing to comply, to remain liable in perpetuity for all lawsuits containing state causes of action filed against it in [the State]." ' " *Id.* at 891, quoting *Bendix Autolite Corp. v. Midwesco Ents., Inc.*, 820 F.2d 186, 188 (6th Cir.1987), quoting *McKinley v. Combustion Eng., Inc.*, 575 F. Supp. 942, 945 (D.Idaho 1983).

{¶ 15} In *Bendix,* the United States Supreme Court affirmed the decision of the Sixth District Court of Appeals, holding that "the burden imposed on interstate commerce by the tolling statute exceeds any local interest that the State might advance." *Id.* at 891. The Supreme Court found the "Ohio statutory scheme * * * forces a foreign corporation to choose between exposure to the general jurisdiction of Ohio courts or forfeiture of the limitations defense, remaining subject to suit in Ohio in perpetuity." *Id.* at 893. In holding that Ohio's tolling statute violated the commerce clause, the court deemed it a "significant burden" to require "a foreign corporation to appoint an agent for service in all cases and to defend itself with reference to all transactions, including those in which it did not have the minimum contacts necessary for supporting personal jurisdiction." *Id.*

{¶ 16} Twelve years after *Bendix,* the Supreme Court of Ohio rendered its decision in *Johnson,* in which the court addressed the issue whether the application of R.C. 2305.15 against an individual who temporarily leaves the state of Ohio for non-business reasons is unconstitutional "for the reason that it constitutes an impermissible burden on interstate commerce under the holding of the United States Supreme Court in *Bendix.*" *Johnson* at 541. Under the facts of *Johnson,* the defendants "had been absent from the state of Ohio for a ten-day vacation in Kentucky during the two years from [the] date of the accident to the filing of the complaint." *Id.* at 540-41.

{¶ 17} The Supreme Court rejected the defendants' argument that *Bendix* was dispositive as to the plaintiffs' claims against them, finding "the court's ruling in *Bendix* was limited to the facts of the case." *Id.* at 542. While noting that language in *Bendix* "operates to preclude the application of R.C. 2305.15 against out-of-state corporations that have not appointed an agent for service of process in the state of Ohio," the court observed the *Bendix* decision "stops far short of declaring R.C. 2305.15 unconstitutional in any other application." *Johnson* at 542. Contrasting the *Bendix* court's finding that the "application of R.C. 2305.15 to an out-of-state corporation without an agent designated for service of process within the state of Ohio would subject the corporation to perpetual liability in lawsuits arising from their actions in the state of Ohio," the Supreme Court held that "the application of R.C. 2305.15 to individuals, such as defendants, who temporarily leave the state of Ohio for non-business reasons, imposes no such impermissible burden" on interstate commerce. *Id.* at 543.

{¶ 18} In the instant case, appellant contends the trial court, despite the Supreme Court's ruling in *Johnson,* relied on *Bendix* as well as an appellate decision from the Second District Court of Appeals, *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115 (2d Dist.), to hold that R.C. 2305.15 was unconstitutional as applied to out-of-state residents. Appellant maintains the trial court's ruling is inconsistent with *Johnson* and failed to engage in a proper constitutional analysis.

{¶ 19} As observed by appellant, the trial court relied in part on the Second District's decision in *Grover* in determining that R.C. 2305.15(A) was not applicable as applied to Grove because, "at the time of the accident * * * Grove was not a resident of Ohio." (Decision at 3.) The trial court, while noting "the Grover decision is not binding," found "its reasoning persuasive" and that it would "apply its holding here." (Decision at 4.)

{¶ 20} Under the facts of *Grover,* the defendant, an author who resided in Virginia, traveled to Ohio to give a lecture promoting his forthcoming book. On the date he was in Ohio, the defendant gave a lecture in Dayton and also sold advance copies of the book. One of the plaintiffs, a former air force officer, attended the event. During the lecture, the defendant accused that individual [General Grover] "of unprofessional conduct and of failing to properly perform his duties as an Army Air Force officer in time of war. The book also accused General Grover of filing false reports, of unprofessional conduct, and of failing to perform his duties as an Army Air Force officer in time of war." *Grover* at ¶ 2.

{¶ 21} The plaintiffs subsequently brought a defamation action against the defendant. According to allegations set forth in the amended complaint, the defendant "gave a lecture in Dayton for the purpose of promoting his forthcoming book, left Ohio shortly after that lecture, and has not returned to Ohio since the lecture." *Id.* at ¶ 23. The defendant, who was served with the complaint in Virginia, moved to dismiss the action. The trial court granted the defendant's motion to dismiss, finding the plaintiffs' claims untimely, and further finding that Ohio's tolling statute, R.C. 2305.15, was unconstitutional as applied to the defendant.

{¶ 22} On appeal, the plaintiffs challenged the trial court's ruling, asserting the statute was constitutional as applied to individuals such as defendant "who leave Ohio for personal reasons." *Id.* at ¶ 33. In response, the defendant argued the decision in *Bendix*, 486 U.S. 888, "should be extended to preclude the application of the tolling provision of

R.C. 2305.15 to individuals who are not residents of Ohio." *Id.* at ¶ 39. The Second District Court of Appeals affirmed the judgment of the trial court, holding that it "correctly concluded" R.C. 2305.15(A) was unconstitutional as applied to the defendant. *Id.* at ¶ 44. The appellate court found "the application of the tolling provision to an out-of-state defendant – regardless of whether that defendant is an individual or a corporation – would cause the defendant to be perpetually subject to liability in Ohio." *Id.*

{¶ 23} The reviewing court also cited allegations in the amended complaint that the defendant, who was not a resident of Ohio and who came to the state for business purposes, " 'derived substantial revenue from his activities in Dayton,' " and that he "left Ohio two days later and has not returned to the state." *Id.* at ¶ 47. The court in *Grover* concluded that "to apply R.C. 2305.15(A) to [the defendant], who was present in Dayton, Ohio, on May 22, 2003, for business purposes and has not returned, would create an impermissible burden on interstate commerce." *Id.* at ¶ 48. The court thus found "no overriding justification for the application of R.C. 2305.15(A) under these circumstances." *Id.*

{¶ 24} At the outset, we agree with appellant that R.C. 2305.15 itself makes no distinction between residents and non-residents. *See Seeley* at paragraph two of the syllabus ("The provisions of R.C. 2305.15, tolling the running of the Ohio statutes of limitation during the time a defendant is absent from the state of Ohio, are not limited in their application to persons who were residents of Ohio at the time the event giving rise to a cause of action took place, but also include persons who have never been residents of Ohio."). *See also Garber v. Menendez,* 888 F.3d 839, 843 (6th Cir.2018) (noting Ohio's tolling statute, R.C. 2305.15, "draws no distinctions based on residency," and that it "tolls the statute of limitations for a defendant outside of the State regardless of whether he once resided in Ohio or not").

{¶ 25} In the present case, while the trial court placed emphasis on the fact Grove was not a resident of Ohio at the time of the accident, that issue alone is not dispositive. Rather, the concern addressed by *Bendix* was the risk of a state denying "ordinary legal defenses or like privileges to out-of-state persons * * * *engaged in commerce.*" (Emphasis added.) *Bendix,* 486 U.S. 888 at 893. *See also Johnson* at 544, quoting *Bendix* at 893 (Cook, J., concurring in judgment) (noting "[t]he *Bendix* majority merely determined * * * that the 'impermissible burden' test could invalidate tolling statutes as applied to 'out-of-

state *persons * * * engaged in commerce*' "). (Emphasis sic.)  In those situations, "the state law will be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce."  *Bendix* at 893.

{¶ 26}  Accordingly, the overriding issue is whether application of R.C. 2305.15 to the particular facts of this case would place "an impermissible burden on interstate commerce."  *Johnson* at 543.  In this respect, the threshold issue to be determined "[f]or R.C. 2305.15(A) to be unconstitutional as applied to [a defendant]," is whether such defendant "was 'engaged in commerce' so as to implicate the Commerce Clause."  *Dewine v. State Farm Ins. Co.*, 4th Dist. No. 20CA3903, 2020-Ohio-5517, ¶ 30.  *See also Mealick v. Nichols*, 5th Dist. No. CT2011-0021, 2011-Ohio-6546, ¶ 22 (noting, in context of a motion to dismiss under Civ.R. 12(B)(6), issue whether R.C. 2305.15 was unconstitutional as applied was premature as commerce clause "has not been implicated under the factual situation presented" where appellee "has yet to demonstrate he was engaged in interstate commerce during his absence from the State"); *Lovejoy v. Macek,* 122 Ohio App.3d 558, 563 (11th Dist.1997) (noting "[i]n cases where there appeared to be no issue as to whether the defendant was engaged in interstate commerce, appellate courts have continued a literal application of R.C. 2305.15").

{¶ 27}  Appellant contends, under the facts of the present case, Grove's absence from the state did not affect interstate commerce, nor did application of R.C. 2305.15(A) subject Grove to perpetual liability.  On review, we agree with appellant that the record on summary judgment does not present evidence that Grove, an out-of-state resident at the time of the accident, engaged in activities related to interstate commerce.  Here, and in contrast to the facts presented in *Grover* (in which the defendant derived substantial revenue from his activities in Ohio)*,* the evidence does not suggest the absence of Grove from the state was for business-related (including employment) purposes.[1]   According to the deposition testimony of Grove, at the time of the accident (October 2016) she was in Ohio to visit her daughter (an Ohio resident) and to look at potential future housing, and Grove left Ohio a day after the accident to return to her Indiana residence; the record further indicates Grove moved from Indiana to Ohio several months later (in January 2017) to be closer to her

---

[1] Grove's deposition testimony indicates she was last employed in 1986 and has been retired since that date.

daughter. Thus, similar to the circumstances in *Johnson,* Grove was absent from the state for "non-business reasons." *Johnson* at 543. Nor do the circumstances of this case present the type of perpetual liability concerns raised in *Grover*; rather, as noted, the evidence indicates Grove returned to Ohio within months following the events at issue (and subsequently became a resident of Ohio).

{¶ 28} In *Johnson,* the Supreme Court noted the "plain language" of R.C. 2305.15(A) "provides that when a person 'departs from the state * * *, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought.' " *Id.* at 542, quoting R.C. 2305.15(A). Based on a literal reading of the statute, as well as a consideration of Ohio law, including the holding in *Johnson*, we conclude that application of the tolling provision of R.C. 2305.15(A) to the facts presented "does not constitute an impermissible burden on interstate commerce." *Id.* at 543. We therefore hold the trial court erred in granting summary judgment in favor of Grove based on its determinations that R.C. 2305.15 was unconstitutional as applied to Grove and that the statute of limitations was not tolled during Grove's absence from the state between October 2016 and January 2017. Accordingly, we sustain appellant's single assignment of error.

{¶ 29} Based on the foregoing, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

SADLER and MENTEL, JJ., concur.

_____